Jacklyn Durham FORD, Appellant,

v.

Barney DURHAM, Appellee.

No. 18500.

Court of Appeals of Texas,
Fort Worth.

Nov. 5, 1981.

Rehearing Denied Dec. 10, 1981.

Johnson, Johnson & Rothfelder, Ernest W. Rothfelder, Fort Worth, for appellant.

Farrar & Claunch, Jim Claunch, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

PER CURIAM.

This is an appeal from an order of a district court wherein the court held it did not have jurisdiction over Barney Durham to hear the motion by Jacklyn Durham Ford to modify the support payments she receives under a New Mexico divorce decree. The order was one of dismissal, from which movant appealed.

We affirm.

Appellant filed a motion in a district court of Tarrant County, Texas, seeking to modify the 1971 order of a New Mexico district court which provided for support

payments of $100.00 per month. Appellee, a non-resident of Texas, made a special appearance, as authorized by Tex.R.Civ.P. 120a (1979), to object to the exercise of *in personam* jurisdiction by the Texas courts. Appellee objected on the grounds that he is not amenable to process issued by the courts of Texas in this cause because (1) he is a resident of New Mexico; (2) the child was conceived and born in New Mexico; (3) the parties were divorced in New Mexico; (4) the child does not reside in Texas by an act or directive or with the approval of appellee; (5) Tex.Family Code Ann. § 11.-051 (Supp.1980–81), does not confer jurisdiction over appellee; and (6) appellee does not have, with regard to the subject matter of this suit, those minimum contacts with the State of Texas that will constitutionally support jurisdiction over appellee. The district court sustained the special appearance and dismissed the suit. It is from this order of dismissal that appellant has perfected her appeal.

The parties have entered into an agreed statement of the evidence stipulating the following facts: Appellant and appellee were married in New Mexico. They had one child conceived and born in New Mexico. They were later divorced in New Mexico. Appellant was named managing conservator. She later moved to Texas with the child and has resided with the child in Texas for eight (8) years. Appellee has never been a resident of Texas. Appellee has come to Texas to visit with his son on several occasions, and he took the child to a Dallas Cowboy football game once while in Texas. Appellee returned the child to Texas after summer visitation, and he visited with the child's teacher in Texas on one occasion. Appellee has been in Texas at least twelve (12) times to conduct business because the zone headquarters for his Cadillac dealership in New Mexico was in Dallas, Texas.

Appellant appeals raising four points of error. Her first, second, and fourth points relate to jurisdiction over appellee by virtue of § 11.051. Appellant's third point will not be considered as it has not been briefed and is, therefore, waived. 5 Tex.Jur.3rd "Appellate Review" § 477 (1980).

The question before us is whether the Texas court has jurisdiction over the non-resident appellee so that he is amenable to process by that court.

In *Mitchim v. Mitchim*, 518 S.W.2d 362, 363 (Tex.1975), the Texas Supreme Court adopted a two pronged test for exercising jurisdiction over a non-resident. The Court held (1) that there must be a statute of the support ordering state which authorizes the acquisition of jurisdiction in the manner used and (2) there must be sufficient contacts between the defendant and the forum state relevant to the cause of action to satisfy "traditional notions of fair play and substantial justice."

■ To acquire jurisdiction over a non-resident, appellant must rely on § 11.051, the long arm statute of the Texas Family Code, which provides:

"In a suit affecting the parent-child relationship, the court may exercise personal jurisdiction over a person on whom service of citation is required or over the person's personal representative, although the person is not a resident or domiciliary of this state if:

"(1) the child was conceived in this state and the person on whom service is required is a parent or an alleged or probable father of the child;

"(2) the child resides in this state, as defined by Section 11.04 of this code, as a result of the acts or directive or with the approval of the person on whom service is required;

"(3) the person on whom service is required has resided with the child in this state; or

"(4) notwithstanding Subdivisions (1), (2), or (3) above, there is any basis consistent with the constitutions of this state or the United States for the exercise of the personal jurisdiction."

By her fourth point, appellant contends that the trial court erred in not finding that jurisdiction over appellee could be maintained by virtue of § 11.051(2) which gives

the district courts of Texas jurisdiction if the child resides in Texas with the "approval" of the appellee. This question was addressed in *Bergdoll v. Whitley*, 598 S.W.2d 932 (Tex.Civ.App.—Austin 1980, no writ), where the court interpreted § 11.051(2) as follows:

> "In order for the initial clause of Subdivision (2) to apply, there must be some evidence of some *affirmative* 'act or directive' by the non-resident defendant which caused or resulted in the children's residence in Texas; silent acquiescence in the other parent's action will not suffice.
>
> "The word 'approval,' as used in the second clause of Subdivision (2), also means some *affirmative* manifestation of consent to, or ratification of, the children's change of residence. Failure to object to the change of the children's residence, when such a change is made by a person who has legal custody, does not constitute 'approval' as required by the statute." *Id.* at 934.

From the evidence in this case it is clear that Subdivision (2) does not apply because the child does not reside in Texas as a result of the acts or directives or with the approval of appellee. The appellee's acquiescence in allowing the child to move with the managing conservator to Texas in this case is not approval as required by Subdivision (2) of 11.051. See also *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

Appellant's fourth point of error is overruled. Furthermore, appellant has not satisfied the first prong of the *Mitchim* test requiring that there be a statute authorizing the acquisition of jurisdiction in the manner used.

By her first and second points of error, appellant contends that the trial court erred in not finding that there were sufficient "minimum contacts" to satisfy "traditional notions of fair play and substantial justice" and in failing to carry out the intention of § 11.051 to provide for long arm jurisdiction to the limits of the constitution. Appellant contends that there are sufficient "minimum contacts" between appellee and the State of Texas to confer personal jurisdiction on the Texas courts by virtue of appellee's numerous trips to visit the child and his twelve (12) or so business trips to Dallas, Texas.

A state court may exercise personal jurisdiction over a nonresident defendant only so long as there exists "minimum contacts" between the defendant and the forum state, *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); however, there is no precise standard for determining what constitutes sufficient "minimum contacts" to invoke the personal jurisdiction of the State court. In *Crockett v. Crockett*, 589 S.W.2d 759, 761 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r. e.), the court said:

> "The second prong of the *Mitchim* test derives from the United States Supreme Court's holding that even though a state may exercise jurisdiction over a cause, the assumption of personal jurisdiction over a nonresident defendant must not offend that defendant's due process rights. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). The test established in *International Shoe* was qualified by *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), which requires that there must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws. *Id.* at 253, 78 S.Ct. at 1239–40, 2 L.Ed.2d at 1298. Additionally, the Texas Supreme Court has held that the cause of action sued upon must arise from the act or transaction in the forum state. *O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342 (Tex.1966)."

With these guidelines in mind, we turn to the evidence in this case. Under the facts here presented, we do not find sufficient "minimum contacts" between appellee and the State of Texas to satisfy due process requirements. The *Hanson v. Denckla* requirement of purposeful activity in the state as modified by the *O'Brien*

requirement that the cause of action must arise out of that activity is not satisfied. Appellee has done no purposeful activity in the State of Texas out of which this cause of action arises. Appellee's trips to Texas to visit his child, without more, is not sufficient to subject him to the jurisdiction of the Texas courts. Appellee's twelve (12) or so trips to Dallas, Texas, the zone headquarters for his New Mexico Cadillac dealership, do not give rise to a cause of action dealing with the parent-child relationship so as to subject appellee to the jurisdiction of the Texas courts in the present case. Application of "traditional notions of fair play and substantial justice", as amplified in *O'Brien, supra,* involves broad evaluation of "the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, and the basic equities of the situation." We conclude that such an evaluation, likewise, supports a finding that the cause of action should be brought in New Mexico where (1) appellant and appellee were married, (2) they resided, (3) their child was conceived and born, and (4) they were divorced. Neither this state's vital interest in protecting the rights and enforcing valid support orders of children within its borders, nor its interest in providing a convenient forum for its residents, provide license to disregard the basic protection afforded non-residents by the Due Process Clause of the Fourteenth Amendment. *Bergdoll v. Whitley, supra; Kulko v. Superior Court of California, supra.*

Appellant's first and second points are overruled.

We conclude that appellant has failed to meet the *Mitchim* test for exercising jurisdiction over a non-resident in that appellant has failed to show that appellee falls within the long arm jurisdiction under § 11.051 or that there are sufficient "minimum contacts" between appellee and the State of Texas to meet due process requirements.

Judgment is affirmed.