This is a review by certiorari of the Court of Civil Appeals' decision in a divorce *Page 33 
case. The facts are as follows: On December 29, 1978, Beverly Joan Gatewood and Cornelius Dennis Brislawn were married at Fort Benning, Georgia, where the husband was stationed as an army officer. After spending their wedding night in Columbus, Georgia, the parties stayed at the home of the wife's parents in Alabama for ten days. Subsequently, and up until the time the parties were separated in August, 1980, the couple lived in Germany. At that time the wife returned to her parents' home in Alabama, where a child was born. Through an Alabama circuit court, the wife sought a divorce and other affirmative relief. The trial court granted a divorce, gave custody of the minor child to the wife, determined the husband to be the father, and required the husband to pay child support and attorney's fees. The Court of Civil Appeals, 443 So.2d 31, found that the trial court properly granted a divorce, but reversed the trial court's judgment as to the matters concerning paternity, custody, support, and attorney's fees.
The wife filed an application for rehearing, which was denied. This court granted her petition for writ of certiorari and subsequently heard oral arguments.
The issues presented in this case are:
 (1) Whether the Court of Civil Appeals erred in holding that Cornelius Dennis Brislawn, Jr. did not have the minimum contacts with Alabama necessary to give the Circuit Court of Russell County personal jurisdiction over him to decide child support and attorneys fees; and
 (2) Whether the Court of Civil Appeals erred in holding that in personam jurisdiction is required over the husband, even where the mother and minor child are residents of Alabama, in order to establish paternity, custody and control of the minor child and any other matters pertaining to the child in any respect.
First, we will address the issue of whether Mr. Brislawn had sufficient minimum contacts with this state "so that the prosecution of the action against [him] in this state is not inconsistent with the constitution of this state or the constitution of the United States. . . ." Rule 4.2 (a)(1)(B), A.R.Civ.P.
We dealt with this principle in Mann v. Frank Hrubetz Co.Inc., 361 So.2d 1021 (Ala. 1978), where we quoted fromInternational Shoe Co. v. State of Washington, 326 U.S. 310,316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945):
 "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'". . .
The test requiring that defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present. Kulko v. Superior Court of California, 436 U.S. 84,98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Thus, we must determine if Mr. Brislawn had certain minimum contacts with this state so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice," by examining the facts in this case.
In this case, the Court of Civil Appeals held that Mr. Brislawn did not have the required minimum contacts. That court cited Corcoran v. Corcoran, 353 So.2d 805 (Ala.Civ.App. 1978), as factual authority for this conclusion, stating that in this case the husband had far less contact with Alabama than did the husband in Corcoran.
We opine that Corcoran is distinguishable from this case. InCorcoran, the last place in the United States that the parties were domiciled together as husband and wife was in North Carolina, not Alabama. They had not lived in Alabama for over *Page 34 
four years before the wife returned to Alabama to file for a divorce.
Unlike Corcoran, the State of Alabama represents the only
place in the United States where the Brislawns lived together as husband and wife, except for their wedding night, which they spent in Columbus, Georgia. They moved from Alabama to Germany, separated in Germany, and the wife returned to Alabama, where the child was born. To say that Corcoran had more contact with Alabama than Brislawn for purposes of jurisdiction overlooks this distinction between the two factual situations.
The rule of "minimum contacts" has generally been given broad interpretation. For instance, in Calaqaz v. Calhoon,309 F.2d 248 (5th Cir. 1962), it was pointed out that mere correspondence with persons in a state may establish sufficient contacts with the state to subject a nonresident to a suit in that state on a cause of action arising out of those contacts. Also, in McGee v. International Life Insurance Co.,355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), it was held that state jurisdiction over a foreign corporation may be sustained on the basis of a single transaction — a single insurance contract — within the forum state.
We are careful to note, however, that the United States Supreme Court in Hanson v. Denckla, 357 U.S. 235,78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), recognized the trend of expansion of in personam jurisdiction over nonresidents, but warned that "it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts."
Under the facts of this case we have determined that it is reasonable to require Mr. Brislawn to come to Alabama to conduct his defense on the matters concerning paternity, custody, support, and attorney's fees. The facts of this case establish the necessary minimum contacts.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., dissents.