Lizanne Caroline **PHILLIPS**, Appellant,

v.

Rubel Lex **PHILLIPS**, Jr., Appellee.

No. C14–91–00657–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 5, 1992.

J. Ray Riley, Houston, for appellant.

Sharon O. Garner, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Lizanne Caroline Phillips appeals a trial court order dismissing for want of jurisdiction her claims for child support, spousal support, and other monetary obligations. Appellant brings seven points of error challenging the trial court's ruling regarding jurisdiction and its failure to file findings of fact and conclusions of law. We reverse.

Appellant and appellee married in Virginia in 1986. Appellant was originally from Houston, Texas and appellee was originally from Jackson, Mississippi. At the time of the marriage, appellee practiced law in the District of Columbia and the couple resided in Virginia. Because appellee joined the U.S. State Department and sought and received a third world assignment, the couple moved to Monrovia, Liberia in February 1987. The only child of this marriage, Caroline Marie Phillips, was born in February 1989 in Houston, Texas. The couple remained in Liberia until September 1989, when they moved to Nairobi, Kenya. In July 1990, appellant returned to Houston from Nairobi, ostensibly for a three week visit; however, she refused to return to Nairobi. In October 1990, appellant filed her original petition for divorce in Houston.

Appellee filed a special appearance contending the trial court did not have in personam jurisdiction over him to order payment of child support, interim attorney's fees, temporary alimony, or any other monetary obligation pled. A master filed a report concluding that the court had jurisdiction to make a custody determination, but that the court lacked in personam jurisdiction over appellant to order the payment of child support, temporary alimony, and attorney's fees. After holding a hearing on the motion for special appearance, the trial court approved the master's report and ordered appellant's claims for child support, spousal support, and other monetary obligations dismissed for want of jurisdiction. On June 10, 1991, the trial court entered a final decree of divorce, appointing appellant sole managing conservator of the child.

Appellee has filed no brief with this court. Therefore, we may accept as true the statements contained in appellant's brief concerning the facts and the record. *American Bank & Trust Co. v. Freeman*, 560 S.W.2d 444, 446 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.); TEX.R.APP.P. 74(f).

In points of error one, two, four, five, and six, appellant challenges the trial court's ruling that Texas courts do not have personal jurisdiction over appellee. In points of error one and six, appellant claims that appellee's contacts with the State of Texas are more than sufficient to establish specific or general jurisdiction over appellee. In point of error five, appellant argues that Texas has jurisdiction over appellee pursuant to § 11.051 of the Texas Family Code.

Under § 11.051 of the Texas Family Code, the court may exercise personal jurisdiction over a nonresident defendant in suits affecting the parent-child relationship if:

(1) the child was conceived in this state when at least one biological parent was a resident of this state and the person on whom service is required is a parent or an alleged or probable father of the child;

(2) the child resides in this state as a result of the acts or directives or with the approval of the person on whom service is required;

(3) the person on whom service is required has resided with the child in this state; or

(4) there is any basis consistent with the constitutions of this state and the United States for the exercise of the personal jurisdiction.

TEX.FAM.CODE ANN. § 11.051 (Vernon 1986).

We find no basis under § 11.051(1)–(3) for the exercise of personal jurisdiction over appellee. The child was not conceived in Texas. The evidence shows that appellee has never resided with the child in Texas and that the child does not reside in Texas at the direction or with the approval of appellee. Thus, we must determine

whether there is any constitutional basis for the exercise of personal jurisdiction over appellee.

Federal constitutional requirements of due process limit the power of the state to assert personal jurisdiction over a nonresident defendant such as appellee. *Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex.1991) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Regarding the due process requirements, the United States Supreme Court has established a two-prong test: "(1) whether the nonresident defendant has purposely established 'minimum contacts' with the forum state; and (2) if so, whether the exercise of jurisdiction comports with 'fair play and substantial justice'." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985).

■ Under this test, we must determine whether appellee has had purposeful contacts with the forum state, thus invoking the benefits and protections of its laws. *Guardian*, 815 S.W.2d at 226. This requirement ensures that a nonresident defendant will not be haled into a jurisdiction based solely upon "random" or "fortuitous" contacts or the "unilateral activity of another party or a third person." *Id.* As long as it creates a "substantial connection" with the forum state, even a single act can support jurisdiction, but a single act or occasional acts may be insufficient to establish jurisdiction if their nature and quality and the circumstances of their commission create only an attenuated connection with the forum, diminishing reasonable foreseeability of litigation in the forum. *See Burger King*, 471 U.S. at 475 n. 18, 105 S.Ct. at 2184 n. 18.

■ If we find that appellee had sufficient minimum contacts with Texas, we must next determine whether the exercise of jurisdiction is reasonable. Thus, we may evaluate the following factors: (1) the burden on the appellee, (2) Texas' interest in adjudicating the dispute, (3) appellant's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies. *See id.* 471 U.S. at 477, 105 S.Ct. at 2184–85; *Guardian*, 815 S.W.2d at 231. These considerations may serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would ordinarily be required. *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184–85.

■ Here, appellant asserts specific jurisdiction, in which the cause of action must arise out of or relate to the nonresident defendant's contact with the forum state in order to satisfy the minimum contacts requirement. *Guardian*, 815 S.W.2d at 227. The defendant's contact must have resulted, however, from the nonresident defendant's purposeful conduct and not the unilateral activity of the plaintiff or others. *Id.* The nonresident defendant's activities must have been "purposefully directed" to the forum and the litigation must result from alleged injuries arising out of or relating to those activities. *Id.* at 228.

■ Applying these principles to the instant case, we find sufficient basis for a Texas court to exercise personal jurisdiction over appellee. The evidence presented at the special appearance hearing showed that appellee made approximately eight trips to Texas, all in furtherance of the marital or family relationship. Appellee testified that he visited appellant on three occasions in Houston before the two married to "court" her, that he came to Houston for approximately two weeks when their child was born, and that he came to Houston with his family once in 1987 and on three occasions in 1989 to visit appellant's family. Although appellee was born and raised in Mississippi, the state in which he claims legal residence, he has not resided there since graduation from law school. Appellee testified that he met appellant in Tennessee where they both attended college. When appellee graduated from law school, he obtained employment in the District of Columbia and established residency in Virginia. The parties were married in

Virginia in 1986 and they resided there until appellee received an overseas assignment with the State Department. Beginning in February 1987, the couple lived in Liberia and later in Kenya. Appellee testified that he considered the couple's marital domicile as Nairobi. Appellee testified that, for government purposes, he lists Jackson, Mississippi as his legal residence and that, in his opinion, it is more fair for appellant to seek child support in Mississippi. Appellee added that his daughter is not in Texas at his direction or with his consent or approval.

Appellant relies on *Crockett v. Crockett,* 589 S.W.2d 759 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.) as support for her contention that Texas courts have found visits jurisdictionally significant.[1] In *Crockett,* however, the parties were married and lived for several years in Texas, the children were conceived and born in Texas, and the family lived in Texas until they moved to Ohio. *Id.* at 760. Although the father visited his children in Texas after the divorce, this was merely one contact among several considered by the court in determining the father had sufficient minimum contacts to subject him to jurisdiction of Texas courts. *Id.* at 762.

Two Texas cases hold that contacts consisting merely of trips to the forum state to visit children are insufficient to subject a nonresident defendant to the jurisdiction of the Texas courts. *See Cunningham v. Cunningham,* 719 S.W.2d 224, 228 (Tex. App.—Dallas 1986, writ dism'd); *Ford v. Durham,* 624 S.W.2d 737, 740 (Tex.App.— Fort Worth 1981, writ dism'd). We find these cases distinguishable.

In *Ford,* the mother filed a motion in a Texas district court to modify a New Mexico child support order. 624 S.W.2d at 737– 38. The father made a special appearance objecting to the exercise of personal jurisdiction by the Texas courts. *Id.* at 738. The evidence showed that the couple were married in New Mexico, the child was conceived and born in New Mexico, and the parties were divorced in New Mexico. *Id.* The father had never been a resident of Texas. *Id.* Following the divorce, the father came to Texas several times to visit the child and came to Texas at least twelve times to conduct business. *Id.* The court found that the father's trips to Texas to visit the child were insufficient to subject him to Texas jurisdiction. *Id.* at 740. The court further found that the business trips to Texas did not give rise to a cause of action regarding the parent-child relationship so as to subject him to the jurisdiction of Texas courts in the present case. *Id.*

In *Ford,* the only contacts with Texas that involved the parent-child relationship were the few trips to visit the child. The most significant contacts involving the parent-child relationship were in New Mexico and, at the time of filing of the motion to modify in Texas, the father continued to reside in New Mexico. These facts are distinguishable from those in the present case. During the marriage, appellee had as many or more contacts with Texas than with Mississippi. Furthermore, the child was born in Texas. Although appellee may have been born and raised in Mississippi, he has not resided there since law school and, though for government purposes he lists Mississippi as his legal residence, he does not reside there now.

In *Cunningham,* the parties lived in Texas from the date of marriage in 1981 until May 1984, when they moved to North Carolina. 719 S.W.2d at 225. Soon after moving, the parties separated and executed a settlement agreement regarding property, custody, and visitation. *Id.* The mother subsequently moved with the child to Texas without the father's consent. *Id.* The father made a trip to Texas in an unsuccessful attempt to visit his child. *Id.* The father sued for sole custody in North Carolina and two months later the wife

---

1. Appellant also cites several cases from other states where the courts upheld the exercise of personal jurisdiction on the basis of minimal contact with the forum state. *See McCarthy v. McCarthy,* 146 Wis.2d 510, 431 N.W.2d 706 (Wis. Ct.App.1988); *Duehring v. Vasquez,* 490 So.2d 667 (La.Ct.App.1986). In both *Duehring* and *McCarthy,* the courts found sufficient minimum contacts where the husbands had made periodic visits to the forum state to see their children. *See McCarthy,* 431 N.W.2d at 708; *Duehring,* 490 So.2d at 673.

filed for divorce and managing conservatorship of the child in Texas. *Id.* The father contended the Texas court had no personal jurisdiction to order him to pay child support and the appellate court agreed. *Id.* at 228. Although the father had lived in Texas until May 1984, the court found that he had severed all ties with Texas and that his only recent contact was his trip to Texas to visit his child. *Id.* The court held that this contact and the mother's unilateral removal of the child to Texas without the father's approval did not establish any basis meeting the requirements of due process. *Id.*

Although *Cunningham* presents more contacts with Texas than those in *Ford,* the court nevertheless found these contacts insufficient to support jurisdiction. Regardless of whether we agree with the *Cunningham* holding, the family had lived in North Carolina and the father continued to reside there. In the present case, the family never lived in Mississippi and appellee does not reside there.

Appellee's contacts with Texas are few, but these visits were in furtherance of the family or parent-child relationship. Furthermore, we find it reasonable to subject appellee to Texas jurisdiction. The burden on appellee of litigating this claim in Texas is no greater than litigating it in Mississippi. Appellee admitted in his testimony that, from Kenya, it is easier for him to travel to Houston than to Jackson, Mississippi. Certainly, it is more convenient for appellant to litigate this claim in Texas and it would be more efficient to adjudicate this claim in Texas than to force appellant to go to Mississippi.

Additionally, Texas has an interest in adjudicating this dispute. Appellee testified that he expected appellant to come to Houston if they were separated. Thus, it should not have surprised appellee that appellant and the child returned to Houston to reside with appellant's family and received support from appellant's father. As part of her claim for child support, appellant seeks reimbursement of the support provided by her father. As a matter of public policy, Texas has an interest in adjudicating this child support claim because the child is a Texas resident. There is simply no persuasive evidence that Mississippi has a greater interest than Texas in adjudicating this dispute.

Although not entirely on point, *Ex Parte Brislawn,* 443 So.2d 32 (Ala.1983) offers guidance. In *Brislawn,* the husband was in the military and was on leave in Georgia when the parties married. *Id.* at 33. The couple stayed with the wife's parents in Alabama for the next ten days and then resided in Germany, where the husband was stationed. *Id.* The wife returned to Alabama and filed for divorce, seeking child support. *Id.* The court found sufficient basis for exercising jurisdiction over the husband because Alabama was the only place in the United States the couple had lived as husband and wife. *Id.* at 34.

In the instant case, the only state in which the couple resided during their marriage was Virginia. Although appellee originally listed his legal residence as Virginia, he later changed it to Mississippi. Appellee testified that he changed it because he "did not want to maintain a legal residence in Virginia." Appellee has severed all ties to Virginia and he has had no contacts with that state involving the parent-child relationship. Although appellee has ties to Mississippi, his only contacts with that state since graduation from law school have been periodic trips to visit his family.

Thus, we find that appellee's contacts with Texas, though few, are sufficient, particularly considering the quality and nature of those contacts. Certainly, there are more contacts with Texas involving the parent-child relationship than with any other state. Furthermore, subjecting appellee to the jurisdiction of Texas courts is reasonable under the circumstances and does not offend "traditional notions of fair play and substantial justice." Because we find the exercise of jurisdiction is reasonable under the factors set out in *Burger King,* a lesser showing of minimum contacts is sufficient. *See* 471 U.S. at 477, 105 S.Ct. at 2184–85. Accordingly, we sustain point of

error one. We need not address appellant's remaining points.

We reverse the judgment and remand the cause to the trial court for further proceedings.