Jan JENKINS, Appellant–Respondent,

v.

Judy FUTCH, Appellee–Petitioner.

No. 34A04–9312–CV–490.

Court of Appeals of Indiana,
Fourth District.

Aug. 30, 1994.

Mark A. Ryan, John C. Wood, Kokomo, for appellant.

Pamela Carter, Atty. Gen., Jon Laramore, Deputy Atty. Gen., Indianapolis, for appellee.

RILEY, Judge.

### STATEMENT OF THE CASE

Respondent–Appellant Jan Jenkins appeals the trial court's judgment finding him in arrears on a child support obligation pursuant to a Texas decree.

We reverse.

### ISSUE

Jenkins raises the following issue for our review:

Whether the trial court erred in giving full faith and credit to a void foreign judgment.

### FACTS AND PROCEDURAL HISTORY

Jenkins and Petitioner–Appellee Judy (Jenkins) Futch were married in Indiana in 1972. The day after the wedding, the parties moved to Ohio. From 1972 through 1981, the parties lived in Ohio (1972–1974), Indiana (1974–1979), and Illinois (1979–1981). During this period, two children were born of the marriage—one in Indiana and one in Illinois. In 1981, the parties moved to Nebraska, where they resided until sometime in 1986. They then moved to Kokomo, Indiana.

In May, 1986, the parties separated and Futch moved back to Nebraska with the children. She filed for dissolution of the marriage in Nebraska in September, 1987, but the action was dismissed in April of 1988.

Futch and the children moved to Texas sometime in 1988, and Futch filed for dissolution of the marriage in a Texas court in April, 1989. Jenkins, who was still an Indiana resident, was served with notice of the action in Indiana; however, he did not answer or otherwise appear. On July 12, 1989, the Texas court issued a final decree dissolving the marriage. In its decree, the court also gave Futch sole custody of the children (under Texas law, she was made the Sole Managing Conservator) and ordered Jenkins to pay child support.

On April 22, 1993, Futch filed a "Uniform Support Petition", pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA), with the prosecutor's office of Howard County, Indiana. The petition sought the establishment of an Indiana support order, medical coverage, and the collection of arrearage on the Texas support order. Jenkins moved for relief from judgment on the support arrearage on the grounds that the Texas court lacked personal jurisdiction at the time it ordered the payment of support in 1989. The Howard Circuit Court denied Jenkins' motion and entered judgment on the arrearage. The court also established an Indiana support order.

Jenkins appeals the Howard Circuit Court's order on the arrearage. He does not contest the current Indiana support order.

### DISCUSSION AND DECISION

Jenkins contends that the Texas court did not have personal jurisdiction over him to enter its 1989 support order. Accordingly, he argues that the Texas court's judgment was void and unenforceable in Indiana.

 In a URESA action, the obligor is entitled to assert any defense available to him in an action on a foreign judgment. IND.CODE 31-2-1-36; *D.L.M. v. V.E.M.* (1982), Ind.App., 438 N.E.2d 1023, 1028. A judgment of a foreign court is open to collateral attack for want of personal jurisdiction or subject matter jurisdiction. *P.M.S., Inc. v. Jakubowski* (1992), Ind.App., 585 N.E.2d 1380, 1382. "A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Jennings v. Jennings* (1988), Ind. App., 531 N.E.2d 1204, 1206 (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee* (1982), 456 U.S. 694, 706, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492). A judgment which is void in the state where it is entered is also void in Indiana. *P.M.S.,* 585 N.E.2d at 1382.

 Texas recognizes that the due process requirements for personal matters, such as child support and division of property outside Texas, are more stringent than in *in rem* or status matters, such as dissolution and child custody. *Cunningham v. Cunningham* (Tex.App.1986), 719 S.W.2d 224, 227; *Perry v. Ponder* (Tex.App.1980), 604 S.W.2d 306, 312–313. As the court noted in *Perry,*

> Due process requirements have a different impact on the question of jurisdiction in a suit concerning a conservatorship ... A support claim is like a claim for debt in that it seeks a personal judgment establishing a direct obligation to pay money. As a practical matter, such a judgment can usually be enforced only by the courts of the state of residence of the parent on whom such a duty is to be imposed, and those courts are usually in a better position to determine the circumstances bearing on his ability to pay. Custody, on the other hand, is more in the nature of a status, which can be determined and enforced by the courts of the state where the child resides, without any personal judgment requiring affirmative action by the nonresident parent. (Citations omitted).

604 S.W.2d at 312–313.[1] When a personal judgment is sought against a nonresident, jurisdiction must be based on "minimum contacts" within the forum. *Id.* at 314.

Under Sec. 11.051 of the Texas Family Code, the court may exercise personal jurisdiction over a nonresident defendant in suits affecting a parent-child relationship if:

> (1) the child was conceived in this state when at least one biological parent was a resident of this state and the person on whom service is required is a parent or an alleged or probable father of the child;
>
> (2) the child resides in this state as a result of the acts or directives or with the approval of the person on whom service is required;

---

1. The difference between status determinations and jurisdiction over personal matters has been recognized by Indiana. *See Rinderknecht v. Rinderknecht* (1977), 174 Ind.App. 382, 367 N.E.2d 1128, 1133 (holding that a marital dissolution is an *in rem* proceeding in which a court has jurisdiction to change the marital status even when one party is not a resident, while adjudication of "incidences of marriage" requires *in personam* jurisdiction).

(3) the person on whom service is required has resided with the child in this state; or (4) there is any basis consistent with the constitutions of this state and the United States for the exercise of the personal jurisdiction.

Tex.Fam.Code Ann.Sec. 11.051 (Vernon 1986). Futch asserts that Texas had jurisdiction under subsection (2) of the statute. She asserts that she was forced to move to Texas to be close to her parents because Jenkins failed to give her any financial support in Nebraska and he threatened her with violence. Thus, she reasons that she and her children resided in Texas as a result of his acts.

 Even assuming that the move to Texas was necessitated by Jenkins' acts, we cannot find that the Texas judgment was valid. Texas courts recognize that Sec. 11.-051 must be read "as implicitly requiring, in addition [to the numbered statutory requirements], basic 'minimum contacts' with the state of Texas by the nonresident parent." *Bergdoll v. Whitley* (Tex.Civ.App.1980), 598 S.W.2d 932, 934, *reh'g denied.* The defendant "must have performed some act by which he purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* at 935 (citing *Hanson v. Denckla* (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283). These acts must be continuous and systematic contacts between the nonresident defendant and Texas. *In the Interest of S.A.V. and K.E.V.* (Tex.1992), 837 S.W.2d 80, 85. Jenkins had no minimum contacts with Texas which would have subjected him to the jurisdiction of its courts.

Futch contends that the minimum contacts necessary to establish a constitutional basis for the assertion of personal jurisdiction over Jenkins were present. She points to Jenkins' trip to pick up the children in the early summer of 1988, his trip to return the children in the late summer of 1988, and his trip to pick them up in the early summer of 1989 as sufficient minimum contacts. She cites *S.A.V.* and *Phillips v. Phillips* (Tex.App. 1992), 826 S.W.2d 746, in support of her contention.

[9] In *Cunningham,* 719 S.W.2d at 228, and *Ford v. Durham* (Tex.App.1981), 624 S.W.2d 737, 740, the courts held that contacts consisting merely of trips to the forum state to visit children are insufficient to subject a nonresident defendant to the jurisdiction of the Texas courts. In both *S.A.V.* and *Phillips,* the courts recognized the authority of *Cunningham* and *Ford,* but distinguished the cases on the basis of additional factors. *See S.A.V.,* 837 S.W.2d at 86–87; *Phillips,* 826 S.W.2d at 749, 750.

### CONCLUSION

Under Texas law, the Texas trial court's support order was void for lack of personal jurisdiction. The Howard Circuit Court erred in enforcing this void order.

Reversed.

ROBERTSON and HOFFMAN, JJ., concur.