George Albert REYNOLDS, Appellant,

v.

Donna Jean REYNOLDS, Appellee.

No. 01–98–01011–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 1, 1999.

Michael Ray McLane, Houston, for Appellant.

Chuck Portz, Portz & Portz, Houston, for Appellee.

Panel consists of Justices COHEN, O'CONNOR, and WILSON.

## OPINION

DAVIE L. WILSON, Justice.

This is an appeal from a divorce decree that awarded appellee, Donna Jean Reynolds, 40.9% of appellant's, George Albert Reynolds, military retirement benefits. George's only complaint on appeal is that the trial court lacked jurisdiction to divide his military retirement benefits. We affirm.

### Procedural Background

George entered a special appearance pursuant to Tex.R. Civ. P. 120(a), alleging that his legal domicile was in Franklin County, Vermont, and neither his person nor his property were amenable to process in Texas. The special appearance was made to the entire proceeding except the granting of the divorce. George's special appearance was heard and denied by an associate judge. An appeal from the associate judge to the trial court on the special appearance was heard de novo and denied on the grounds of Tex. Fam.Code Ann. § 6.305 (Vernon 1998).

### Factual Background

George and Donna separated in 1993, and George moved to Colorado where he remained for two years before moving to Vermont. George had been living in Vermont for one year when Donna filed a petition for divorce. Between 1993 and 1995, George continued to send money to Donna to pay the mortgage on their home in Texas, and he continued to make car insurance payments. George also continued to receive some of his mail at their home in Texas until August 1995, including his Form 1099 federal income tax returns.

### Discussion

■ In George's brief, he contends the Uniformed Services Former Spouses' Protection Act, 10 U.S.C.S. 1408(c)(4) (1998), preempts the minimum contacts test when the court is asked to divide military retirement benefits and, as such, is the required jurisdictional test in this case. Because George did not raise this argument at the trial court, he waived it for purposes of appeal. Tex.R.App. P. 33.1(a). Therefore, we are compelled to use the minimum contacts test to determine whether the trial court obtained personal jurisdiction over George rather than the more limited

jurisdictional test set out in section 1408(c)(4).

■ Family Code section 6.305 provides that a court may exercise personal jurisdiction over a respondent in a divorce proceeding even if the respondent is not a resident of Texas if (1) Texas is the last marital residence of the parties and suit is filed within two years of the date cohabitation ended or (2) there is any basis consistent with the state and federal constitutions for the exercise of personal jurisdiction. TEX. FAM.CODE ANN. § 6.305(1), (2) (Vernon 1998). Because George and Donna had been living apart more than two years before the petition for divorce was filed, jurisdiction cannot be obtained under Family Code section 6.305(1). The only remaining basis for the trial court to obtain personal jurisdiction over George is Family Code section 6.305(2).

■ The rule generally followed as to jurisdiction over nonresidents is that due process requires a nonresident have certain minimum contacts with Texas such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985); *Phillips v. Phillips,* 826 S.W.2d 746, 748 (Tex. App.—Houston [14th Dist.] 1992, no writ). The issue is whether George should have reasonably anticipated being haled into a Texas court. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 359 (Tex.1990). This requirement ensures that a nonresident defendant will not be called into this jurisdiction based solely on random or fortuitous contacts or the unilateral activity of another party. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex.1991); *Phillips,* 826 S.W.2d at 748. A single act can support jurisdiction as long as there is a substantial connection with the forum state. *Phillips,* 826 S.W.2d at 748; *see also Burger King,* 471 U.S. at 475 n. 18, 105 S.Ct. at 2184 n. 18. A single act or occasional acts may be insufficient to establish jurisdiction

if the nature, quality, and circumstances surrounding their commission only create an attenuated connection with the state, diminishing reasonable forseeability of litigation in the forum state. *Phillips,* 826 S.W.2d at 748; *see also Burger King,* 471 U.S. at 475 n. 18, 105 S.Ct. at 2184 n. 18.

The evidence showed George and Donna resided in Texas from 1981 until 1993 when they separated. After George moved to Colorado, he continued to send money to Donna for the mortgage payments on their home in Texas. The home was foreclosed on in 1996. He also sent payments to State Farm Insurance Company to pay for the car insurance on Donna's car in Texas. Payments on the home and car insurance continued until August 1995. At least through August 1995, Donna continued to receive George's mail at their home in Texas. We hold George's minimum contacts were such that he should not have been surprised to be called into a Texas court for divorce proceedings, including a division of marital property incident to that proceeding.

■ Having determined George had minimum contacts with Texas, we must now determine whether the assertion of jurisdiction would comport with the due process requirement of fair play and substantial justice. In doing so, we may evaluate the following factors: (1) the burden on George; (2) Texas' interest in adjudicating the dispute; (3) Donna's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Guardian,* 815 S.W.2d at 231; *Phillips,* 826 S.W.2d at 748. These factors may establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would normally be required. *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184–85; *Phillips,* 826 S.W.2d at 748.

Nothing in the record indicates that litigation in Texas would be excessively burdensome or inconvenient to George. On appeal, with the exception of the military retirement benefits, George does not challenge the court's jurisdiction to grant the divorce or divide the community property, indicating it would not be burdensome to come to Texas for litigation. Texas was the marital domicile of the parties from 1981 until George moved in 1993. Donna is still domiciled in Texas, and Texas has a strong interest in providing for her support. Further, it is more judicially efficient to have the divorce and division of all property litigated in Texas than to litigate the issue of the military retirement benefits separately in Vermont. Considering all circumstances, we hold the exercise of jurisdiction over George by a Texas court does not offend traditional notions of fair play and substantial justice. We overrule appellant's sole point of error.

We affirm the decree.