**AMERICAN MANAGEMENT, INC.,
and Richard McCool, Sr.,
Appellants–Defendants,**

v.

**RIVERSIDE NATIONAL BANK,
Appellee–Plaintiff.**

No. 29A02–9908–CV–628.

Court of Appeals of Indiana.

March 24, 2000.

Melvin A. Richards, Richards, Boje, Pickering, Benner & Becker, Noblesville, Indiana, Attorney for Appellants.

Todd L. Ruetz, Campbell Kyle Proffitt, Carmel, Indiana, Attorney for Appellee.

## OPINION

BROOK, Judge.

### Case Summary

Appellant-defendant Richard McCool, Sr. ("McCool"), president[1] of appellant-codefendant American Management, Inc. ("American"), appeals the trial court's grant of summary judgment in favor of appellee-plaintiff Riverside National Bank ("Riverside"). We affirm.

### Issue

McCool raises one issue that we restate as: whether incomplete discovery should have precluded the entry of summary judgment in an action to domesticate a foreign judgment.

---

1. McCool was the president of American during the relevant time period.

### Facts and Procedural History

On March 16, 1998, a St. Lucie County, Florida court awarded a $95,000.00 judgment in favor of Riverside and against McCool and American. Counsel[2] had represented McCool and American during the mediation that resulted in the judgment. On August 10, 1998, Riverside filed, in Indiana, a complaint on a foreign judgment against McCool and American. In January of 1999, the Indiana trial court granted summary judgment against American but not against McCool.

In early February of 1999, McCool responded to Riverside's motion for summary judgment, alleging that poor health had precluded him from attending the mediation in Florida that resulted in the judgment against him. He further stated that had he been able to attend, he would not have agreed to a judgment being entered against him individually because he signed the Variable Rate Commercial Promissory Note on behalf of American. As such, he urged that the agreed judgment "was not entered into intelligently, voluntarily or knowingly," thus creating an issue of fact.

On February 22, 1999, McCool served upon Riverside a motion to produce various documents.[3] When Riverside objected to all of the requests, McCool filed a motion to compel. In that motion, he asserted that the documents requested were "needed to demonstrate what the alleged Florida Judgment is based on. Also, Plaintiff is in the best position to obtain copies of such documentation." Shortly thereafter, the Indiana trial court entered summary judgment against McCool and denied his motion to compel.

### Discussion and Decision

McCool contends that the Indiana trial court erred when it granted summary judgment because discovery was incomplete. He asserts that the documents he requested were vital to his defense against Riverside's claims. In particular, McCool argues that the documents had a high probability of showing that he was not personally responsible for American's debts and that he did not sign any promissory notes in his individual capacity. Thus, the requested documents would have likely created genuine issues of material fact.

"The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of law." *Bamberger & Feibleman v. Indianapolis Power & Light Co.,* 665 N.E.2d 933, 936 (Ind.Ct.App.1996); *see* Ind. Trial Rule 56(C). In reviewing a motion for summary judgment, we apply the same standard as the trial court, and we resolve any question of fact or an inference to be drawn therefrom in favor of the non-moving party. *Bamberger,* 665 N.E.2d at 936. We will affirm a trial court's grant of summary

---

2. McCool has since retained different counsel.

3. His motion requested:

   1. Any and all documents, including affidavits, motions and supporting documents, which were filed in support of a complaint filed by the plaintiff in the State of Florida against the defendants in this cause of action.
   2. Copies of any and all orders entered by the Court in Florida in the litigation filed by plaintiff against the defendants.
   3. All promissory notes, mortgages, letters of credit, applications for letters of credit, approvals for letters of credit, all documents bearing the signatures of any and all officers, directors or officials with authority to execute documents on behalf of American Management, Inc. to Riverside National Bank, as well as any and all other documents signed by Richard McCool, Sr. individually or on behalf of any other entity for the past seven years.
   4. Any and all memoranda of discussions by and between any and all of the officers of the plaintiff or its employees pertaining to the defendants in this matter.
   5. Any and all memoranda and/or letters received by plaintiff from the defendants in this matter.
   6. Any and all financial statements received by plaintiff from the defendants in this matter.
   7. Any and all purported mediation agreements or mediation agreements which were signed by and between the parties, including the mediator.

judgment if it is sustainable on any theory supported by the designated evidence. *Id.* Finally, the party appealing the trial court's denial or grant of summary judgment bears the burden of persuading us that the trial court erred. *City of New Haven v. Chemical Waste Management of Indiana, L.L.C.,* 701 N.E.2d 912, 922 (Ind. Ct.App.1998), *trans. denied* (1999).

■ It is generally improper to grant summary judgment when requests for discovery are still pending, unless pending discovery is unlikely to develop a genuine issue of material fact. *See Venture Enterprises, Inc. v. Ardsley Distributors, Inc.,* 669 N.E.2d 1029, 1032 (Ind.Ct.App.1996); *Mutual Sec. Life Ins. Co. by Bennett v. Fidelity and Deposit Co. of Maryland,* 659 N.E.2d 1096, 1103 (Ind.Ct.App.1995), *trans denied* (1996). In examining whether McCool's discovery requests are likely to create a genuine issue of material fact, we must consider the law regarding foreign judgments.

■ A judgment of a foreign court is open to collateral attack for want of personal jurisdiction or subject matter jurisdiction. *Jenkins v. Futch,* 640 N.E.2d 379, 381 (Ind.Ct.App.1994); *see also Ondo v. Kemper,* 691 N.E.2d 1262, 1263 (Ind.Ct. App.1998). However, "[m]ere errors of law do not deprive a court of its jurisdiction or open its judgment to collateral attack; such are voidable, not void, and can only be corrected by direct appeal." *D.L.M. v. V.E.M.,* 438 N.E.2d 1023, 1028 (Ind.Ct.App.1982). "A judgment which is void in the state where it is entered is also void in Indiana." *Jenkins,* 640 N.E.2d at 381.

■ In the present case, McCool does not challenge either subject matter jurisdiction or personal jurisdiction. Rather, he asserts that he should not be personally liable for the Florida judgment because he allegedly signed the relevant documents only in a representative capacity. He contends that the incomplete discovery would "almost certainly" have supported him. We have our doubts as to whether that would have been the case in view of the fact that the attorney who represented McCool during the Florida mediation agreed that his client should be personally liable for the $95,000.00 debt. We also question why McCool did not attempt discovery earlier if he could not acquire the documents on his own and if he believed them to be so vital to his claim. Be that as it may, McCool's present argument is unavailing for the reason outlined below.

■ We perceive Riverside's action to domesticate a foreign judgment as analogous to a proceeding supplemental. *Cf. State ex rel. Greebel v. Endsley,* 269 Ind. 174, 379 N.E.2d 440 (1978) (analogizing action to enforce valid foreign support judgment to a proceeding supplemental, and thus not allowing change of venue). As such, McCool may not utilize the present Indiana action to collaterally attack the merits of the facially valid[4] Florida judgment. *See Hermitage Ins. Co. v. Salts,* 698 N.E.2d 856, 858–59 (Ind.Ct.App.1998) (citing Ind. Trial Rule 69 and noting that proceedings supplemental may not be used to collaterally attack the underlying judgment). Rather, McCool's challenge to the imposition of personal liability against him should have been brought in the Florida court system. Recalling that we will affirm a trial court's grant of summary judgment if it is sustainable on any theory supported by the designated evidence, *Bamberger,* 665 N.E.2d at 936, we conclude that the court properly granted summary judgment.

Affirmed.

NAJAM, J., and ROBB, J., concur.

---

**4.** A judgment which is regular and complete on its face is presumed valid, and thus should be afforded full faith and credit. *See Omni Micro, Inc. v. Hyundai Electrs. Amer.,* 571 N.E.2d 598, 600 (Ind.Ct.App.1991). McCool does not assert that the judgment is incomplete or that it contains such irregularities.