OPINION



No. 04-03-00494-CV



IN RE Linda J. BARNES



Original Mandamus Proceeding (1)



Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: December 31, 2003


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED


 Relator Linda J. Barnes filed a petition for writ of mandamus challenging the trial
court's assumption of subject matter and personal jurisdiction in this child custody dispute.
We conditionally grant the writ.

Background

 Robert and Linda Barnes were a married couple living in Virginia when both were
deployed on military duty. From his birth in May 2001 to sometime in October 2002, their
son A. J. lived with them in Virginia. By agreement, the Barneses executed a power of
attorney for Linda's mother, Patti Jayne Traynor, to take custody of A. J. while they were
deployed. Traynor lives in Utah and A. J. lived with her there beginning sometime in
October 2002.

 In early 2003, Robert Barnes separated from the military and returned to his
hometown of Kerrville, Texas. On April 1, 2003, Robert Barnes filed for divorce in Kerr
County. On April 2, the Kerr County district court issued an ex parte order for a writ of
attachment for A. J. to be produced in court on April 16 for a custody hearing. Robert
Barnes attempted to serve Linda Barnes with the petition for divorce but was unsuccessful.
Traynor refused to comply with the writ and on April 16, the writ of attachment was
extended indefinitely. 

 In the meantime, on April 8, Traynor filed for custody of A. J. in Utah. The Utah
court issued a temporary restraining order on April 10 prohibiting Robert Barnes from taking
custody of A. J. until a hearing could be held. On April 28, the Utah court held a hearing
and ordered that the Texas writ would be given full faith and credit. When Linda Barnes
appeared for the hearing, Robert Barnes served her with the Texas petition for divorce.
Traynor then withdrew her petition for custody. Linda Barnes filed a petition for divorce in
Utah on April 30, 2003. On May 16, the Texas court held a hearing and issued temporary
orders, impliedly denying Linda Barnes's special appearance and motion to dismiss the
custody issues for lack of jurisdiction. 



Standard for Mandamus Review

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law. Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). The trial court abuses its discretion when it fails to properly
apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its
ruling is based on factual assertions unsupported by the record. Microsoft Corp. v. Manning,
914 S.W.2d 602, 607 (Tex. App.-Texarkana 1995, writ dism'd). Mandamus is generally
proper if a trial court issues an order beyond its jurisdiction. See In re Southwestern Bell,
35 S.W.3d 602, 605 (Tex. 2000); In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998). Texas
courts have recognized that because of the special interests involved in custody cases and the
lack of appeal for temporary orders, mandamus is proper to review the trial court's improper
assumption of jurisdiction in such matters. See Little v. Daggett, 858 S.W.2d 368, 369 (Tex.
1993); In re Powers, 974 S.W.3d 867, 869 (Tex. App.-Houston [14th Dist.] 1998, orig.
proceeding).

 With respect to resolution of factual matters committed to the discretion of the trial
court, we may not substitute our judgment for that of the trial court. See Walker, 827 S.W.2d
at 839-40. However, the trial court has no discretion in determining what the law is or
applying the law to the facts of the case. Id. at 840. Subject matter jurisdiction is a question
of law which we review de novo. See In re Oates, 104 S.W.3d 571, 575 (Tex. App.-El Paso
2003, orig. proceeding) (citing Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998)). 

Analysis

 Linda Barnes raises two issues of jurisdiction: (1) subject matter jurisdiction over the
custody dispute; and (2) personal jurisdiction over the person of Linda Barnes. "Subject
matter jurisdiction exists when the nature of the case falls within a general category of cases
the court is empowered, under applicable statutory and constitutional provisions, to
adjudicate." McGuire v. McGuire, 18 S.W.3d 801, 804 (Tex. App.-El Paso 2000, no pet.).
Subject matter jurisdiction over custody issues in Texas is governed by the Uniform Child
Custody Jurisdiction and Enforcement Act (UCCJEA). Tex. Fam. Code. Ann. § 152.001
et seq. (Vernon 2002). "To acquire jurisdiction over custody issues, no connection between
the nonresident parent and the state is required." In the Interest of S. A. V., 837 S.W.2d 80,
84 (Tex. 1992). Rather, we focus on whether Texas has become the child's "home state."
See id. Under the UCCJEA, a custody determination may be made by a state that has no
jurisdiction to render a personal judgment against the nonresident parent. Id. Subject matter
jurisdiction is never presumed and cannot be waived. McGuire, 18 S.W.3d at 804. 

 Personal jurisdiction over a party requires a showing that the state long-arm statute
authorizes the exercise of jurisdiction and that exercise of that jurisdiction is consistent with
federal and state guarantees of due process because the party has purposefully established
"minimum contacts" with the state. See Interest of S. A. V., 837 S.W.2d at 85. Personal
jurisdiction may be waived if it is not properly contested. Id.; Abderholden v. Morizot, 856
S.W.2d 829, 832 (Tex. App.-Austin 1993, no writ). 

 

A. Jurisdiction for Custody Issues

 The Texas Family Code provides that a child's home state has primary jurisdiction
for custody proceedings. See Tex. Fam. Code Ann. § 152.201(a) (Vernon 2002). A child's
home state is "the state in which a child lived with a parent or a person acting as a parent for
at least six consecutive months immediately before the commencement of a child custody
proceeding." Tex. Fam. Code Ann. § 152.102(7) (Vernon 2002). Because Texas law
prioritizes home state jurisdiction, a Texas court may make an initial custody determination
"only if" Texas is the child's home state at the time the proceeding is filed or Texas was the
child's home state within six months of the commencement of the proceeding and the child
is absent but a parent or person acting as parent continues to reside in the state. See Tex.
Fam. Code Ann. § 152.201(a)(1); McGuire, 18 S.W.3d at 805. 

 It is undisputed that A. J. has never lived in the state of Texas. A. J. lived with his
parents in Virginia from May 1, 2001 to October 2002. Robert Barnes filed his child custody
proceeding in Texas on April 1, 2003. At that time, A. J. had been living with his
grandmother in Utah since October 1, 2002 or October 16, 2002. (2) That date is disputed. The
trial court must have, by implication, found that the date A.J. moved from Virginia to Utah
was October 16, 2002; otherwise, Utah qualifies as the child's home state and the trial court
could not have inquired further to find jurisdiction. (3) Texas has never been A. J.'s home state.
 Because Texas cannot claim jurisdiction under section 152.201(a)(1), a Texas court
may assert jurisdiction only if:

 (2) a court of another state does not have jurisdiction under Subdivision (1),
or a court of the home state of the child has declined to exercise jurisdiction
on the ground that this state is the more appropriate forum under Section
152.207 or 152.208, (4) and:


 (A) the child and the child's parents, or the child and at least one
parent or a person acting as a parent, have a significant connection with
this state other than mere physical presence; and 


 (B) substantial evidence is available in this state concerning the child's
care, protection, training, and personal relationships.

 

Tex. Fam. Code Ann. § 152.201(a)(2). This "'significant connection' jurisdiction should
only be employed when Texas is not the home state and it appears that no other state could
assert home state jurisdiction." In re Oates, 104 S.W.3d at 578. If we accept the trial court's
implied finding that neither Utah nor Virginia is qualified to take home state jurisdiction
under section 152.201(a)(1), then we must inquire whether A. J. has "a significant
connection with this state" and whether "substantial evidence is available in this state
concerning the child." The record contains insufficient evidence to support either a finding
of significant connection or substantial evidence. (5) A. J. has never lived in this state; his only
connection with Texas is that his father now resides here. Therefore, the trial court erred in
taking jurisdiction over the custody dispute under section 152.201(a)(2).

 A Texas court may also take initial jurisdiction if "all courts having jurisdiction under
Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this
state is the more appropriate forum to determine custody of the child under Section 152.207
or 152.208;" or "no court of any other state would have jurisdiction under the criteria
specified in Subdivision (1), (2), or (3)." Tex. Fam. Code Ann. § 152.201(a)(3, 4). Robert
Barnes argues that the Utah court has declined to exercise jurisdiction because the Utah court
granted full faith and credit to the Texas writ. In its instructions to the parties regarding the
language to be included in the Utah writ of assistance enforcing the Texas writ, the Utah
court stated:

 Paragraph 2 [of the draft prepared by the attorneys] purports to suggest that
this Court is making a finding that Robert Ray Barnes is awarded temporary
custody of the minor child, [A. J.] Barnes. The Court has not made such a
finding, but rather is merely, as required by the Constitution of the United
States under the full faith and credit provisions, giving enforcement to what
appears to be a properly issued Order from the state of Texas.


 Based on the above language, it does not appear the Utah court made a decision to
decline jurisdiction over the custody matter. Even if it has, Virginia is still a proper forum
for the custody matters. Until both Virginia and Utah have declined jurisdiction in favor of
Texas, Texas is not authorized to take jurisdiction over A. J.'s custody determination. See
Tex. Fam. Code Ann. § 152.201(a)(2, 3). 


B. Personal Jurisdiction over Linda Barnes 

 Linda Barnes preserved her right to assert lack of personal jurisdiction in the trial
court by filing a special appearance. Under the Family Code, the Texas court may exercise
jurisdiction over a nonresident respondent in a divorce proceeding if the petitioner "is a
resident or domiciliary of this state at the time the suit for dissolution is filed," and:

 (1) this state is the last marital residence of the petitioner and the
respondent and the suit is filed before the second anniversary of the date on
which marital residence ended; or 

 

 (2) there is any basis consistent with the constitutions of this state and
the United States for the exercise of the personal jurisdiction.


Tex. Fam. Code Ann. § 6.305 (Vernon 1998). There is no evidence in the record that Texas
was ever the Barnses' marital residence, therefore, we turn to considerations of due process.

 "Federal constitutional requirements of due process limit the power of the state to
assert personal jurisdiction over a nonresident defendant" such as Linda Barnes. Phillips v.
Phillips, 826 S.W.2d 746, 748 (Tex. App.-Houston [14th Dist.] 1992, no writ) (citing
Guardian Royal Exch. Assurance , Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226
(Tex. 1991)). The test for due process fairness is two pronged: "(1) whether the nonresident
defendant has purposely established 'minimum contacts' with the forum state; and (2) if so,
whether the exercise of jurisdiction comports with 'fair play and substantial justice.'"
Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). 

 Under the test set forth in Burger King, we first determine whether the relator "has
had purposeful contacts with [Texas], thus invoking the benefits and protections of its laws."
Phillips, 826 S.W.2d at 748. With the exception of a few visits to relatives during her
marriage, there is no evidence that Linda Barnes had any physical presence in Texas. Robert
Barnes argues that Linda's designation of Texas as her state of residence during her military
service is sufficient minimum contact with the state. It is true that "as long as it creates a
'substantial connection' with the forum state, even a single act can support jurisdiction." Id.
However, "a single act or occasional acts may be insufficient to establish jurisdiction if their
nature and quality and the circumstances of their commission create only an attenuated
connection with the forum, diminishing reasonable foreseeability of litigation in the forum."
In Phillips, the Houston Fourteenth Court of Appeals held that the designation of a particular
state as the state of residence during government service does not require a finding that the
designated state is in fact the state of the party's residence for purposes of determining
personal jurisdiction. Id. at 749. Whatever her motivation in designating Texas as her state
of residence might have been, Linda Barnes never resided in this state, nor did she have any
but the slightest contact with this state. Considering the nature and quality of Linda Barnes's
contact with this state, the trial court abused its discretion in denying the special appearance
and issuing temporary orders imposing personal obligations on Linda Barnes. See Fox v.
Fox, 559 S.W.2d 407, 409-10 (Tex. Civ. App.-Austin 1977, no writ); Risch v. Risch, 395
S.W.2d 709, 713 (Tex. Civ. App.-Houston 1965, writ dismissed).




Conclusion

The trial court may have jurisdiction under the Family Code to grant the divorce and
to divide any community property within the state; neither party briefed this issue in the
mandamus proceeding. However, the trial court had no personal jurisdiction over Linda
Barnes to impose child support, division of property outside the state, or other decrees
involving personal obligations. Further, the trial court had no subject matter jurisdiction over
the custody issues involving A. J. We conditionally grant the writ of mandamus with respect
to the temporary orders regarding custody, visitation, child support, property outside the
state, or other personal obligations imposed on Linda Barnes. We expect that the trial court
will modify its order within twenty days of our opinion. If the trial court fails to comply, we
will issue the writ. All other relief requested by relator is denied.



 Paul W. Green, Justice

1. This proceeding arises out of Cause No. 03-210-A, styled In the Interest of A.J.B., A Child, pending in the
216th Judicial District Court, Kerr County, Texas, the Honorable Charles Sherrill presiding.
2. See In re McCoy, 52 S.W.3d 297, 305 (Tex. App.-Corpus Christi 2001, orig. proceeding) (operative date
for determining Texas jurisdiction is the date the suit was filed in Texas).
3. Virginia is not A.J.'s home state because he did not live there immediately before the custody proceeding
was filed.
4. Section 152.207 allows the Texas court to decline jurisdiction if it finds that another state is a more
convenient forum. Section 152.208 allows the Texas court to decline jurisdiction if a person seeking jurisdiction in
this state has engage in unjustifiable conduct in order to obtain jurisdiction. Neither provision is a method of sustaining
jurisdiction in the Texas courts.
5. Robert Barnes argues on appeal that his family members, who reside in Texas, will be able to provide
evidence regarding A. J. We did not find nor did Robert Barnes cite to any evidence in the trial court record regarding
what first-hand knowledge these unnamed witnesses might provide.