BOWMAN and husband, Respondents, v. RURAL MUTUAL INSURANCE COMPANY, Appellant: GUTH, Defendant.*

*No. 250. Argued November 4, 1971.—Decided November 30, 1971.*
(Also reported in 191 N. W. 2d 881.)

* Motion for rehearing denied, with costs, on February 1, 1972.

For the appellant there was a brief by *Jasper, Winner, McCallum & Sauthoff,* and *John D. Winner* and *Harry Sauthoff, Jr.,* all of Madison, and oral argument by *Harry Sauthoff, Jr.*

For the respondents there was a brief and oral argument by *Robert P. Stebbins* of Green Bay.

ROBERT W. HANSEN, J. On the issues raised as to jurisdiction and venue, the facts stated in the complaint are, at the demurrer stage, assumed to be true.[1] Facts, thus alleged and thus accepted, are:

(1) Plaintiffs are residents of the state of Missouri.

(2) Defendant Rural Mutual is a Wisconsin corporation with its principal place of business in Dane county, Wisconsin.

(3) Defendant Guth was a resident of Marinette county, Wisconsin, but his present whereabouts are unknown.

(4) Defendant Rural Mutual is the liability insurer of defendant Guth under a policy issued in Wisconsin and delivered in Marinette county, Wisconsin.

(5) Defendant Guth negligently caused the injuries sustained in the automobile accident which occurred in the state of Missouri.

Two questions are asked on this appeal, and both must be answered in this opinion.

I. *Can this action be brought in this state against this insurer under these circumstances?*

By statute in this state, an insurer is a proper party defendant in an action brought in Wisconsin on account of any claim against the insured in an action for damages caused by negligence.[2] Under a prior holding of this

---

[1] *Volk v. McCormick* (1969), 41 Wis. 2d 654, 658, 165 N. W. 2d 185.

[2] Sec. 260.11 (1), Stats., providing, in pertinent part:

". . . In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff . . . is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. . . ."

court, an action can be maintained against the insurer alone, even if the insured is not served and does not appear in the action.[3] Where the accident occurred in Wisconsin, an action against the insurer can be brought in this state regardless of where the policy is issued. Where the policy was issued and delivered in Wisconsin, an action against the insurer can be brought in this state regardless of where the accident occurred. It is only where the policy was issued or delivered outside of this state and the accident occurred outside of this state that the right to an action against the insurer is by statute denied.[4] Since the policy in the case now before us was issued and delivered in the state of Wisconsin, the action against the insurer can be brought in this state regardless of whether or not the defendant insured is or no longer is a resident of this state.

## II. *In what county in this state can this action against this insurer properly be brought?*

By Wisconsin statute, the proper place of trial for an action where the insurer is sued in a negligence action is designated as either the county in which the cause of action arose or the county where the insured resides.[5] As to where the action may be tried, if the accident

[3] *Oertel v. Williams* (1934), 214 Wis. 68, 72, 251 N. W. 465.

[4] Sec. 260.11 (1), Stats., providing, in pertinent part:

". . . If the policy of insurance was issued or delivered outside the state of Wisconsin, the insurer is by this section made a proper party defendant only if the accident, injury or negligence occurred in the state of Wisconsin."

[5] Sec. 261.01 (5), Stats., providing, in pertinent part:

". . . in the event an insurance company is sued or made a party to an action growing out of the negligent operation of a motor vehicle, the proper place of trial shall be in the county where the cause of action arose or where the person or persons, covered by an insurance policy by reason of which such insurance company is sued or made a party to said action, resides."

occurred outside this state and if the defendant insured is not a resident of this state, the statute is silent. So defendant Rural Mutual argues that the legislature's failure to designate a place of trial in such event denies to any county in this state the right to entertain or try such action. The argument is that a venue statute can have jurisdictional effect. It is true that this court has held that the venue statute requiring in rem actions dealing with real estate to be brought in the county where the property is located denies to any other county jurisdiction over such actions.[6] However, enforcing a statute designating a single county as proper forum for trial is something different than holding that a failure to designate any county as proper forum for trial leaves no forum, depriving the courts of Wisconsin the jurisdiction to try a statutorily authorized action.

This court has held that the failure of the legislature to provide for venue does not deprive all Wisconsin courts of jurisdiction to try an action which can, by statute, be brought in this state.[7] In *Isaksen*, the court considered a statute which provided a remedy for stockholders dissenting to a corporate merger and required that their petition be filed in the circuit court for the county of the principal place of business or registered office of the new corporation. The legislature, however, failed to provide for the possibility that the surviving corporation might be a foreign corporation with no registered office or principal place of business in Wisconsin. For that contingency, no venue was prescribed. On the jurisdictional impact of failure to provide venue, this court said:

---

[6] *See: State ex rel. Hammer v. Williams* (1932), 209 Wis. 541–543, 245 N. W. 663.

[7] *Isaksen v. Chesapeake Instrument Corp.* (1963), 19 Wis. 2d 282, 120 N. W. 2d 151.

". . . Chesapeake's contention appears to be that the failure to provide for such situation means that no remedy in Wisconsin courts existed under those circumstances.

"If [the statute regulating where the petition may be filed] be so construed, there is an inconsistency between [that statute] and [the statute providing a right of action against foreign corporations] and an absurdity results. We conclude that the omission of the designation of a particular court was inadvertent, and that in the situation for which the legislature failed to make a specific designation, the petition could be filed in any circuit court in this state." [8]

We follow and apply here the *Isaksen* ruling that a failure to prescribe venue does not negative a statutory grant of jurisdiction, but stop short of holding that the action here could or can be brought in any county in the state. The reason for limiting venue to less than 72 counties is in the legislative history of sec. 261.01 (5), Stats. When this court allowed an action against an insurer, brought under sec. 260.11 (1), to be brought in the county where the insurer had its principal place of business,[9] the legislature amended sec. 261.01 (5), to limit the proper place of trial to the county where the cause of action arose or where the insured defendant lives. While the limitation does not reach to a situation where the accident occurred in another state and the defendant is not a resident of Wisconsin, it clearly expresses a legislative policy of limiting the number of counties in which an action against an insurer may be brought. With no statutory designation of the proper place of trial under the circumstances here, we return to the reasoning of *Boyd* to find the county in which the defendant insurer has its principal place of business

[8] *Id.* at pages 287, 288.

[9] *State ex rel. Boyd v. Aarons* (1942), 239 Wis. 643, 2 N. W. 2d 221.

as an entirely logical place of venue where no statutory provision designating venue is available.

An alternative forum, for which equally strong arguments might be made, would here be Marinette county, the county in which the policy of insurance was delivered to the defendant Guth, and his last known place of residence. In fact, if this action had been commenced by publication, pursuant to sec. 262.06 (1) (c), Stats., against defendant Guth, in Marinette county, the solo character of the action being against the insurer only, and, by inability to serve, not against the insured, would have been avoided. Sec. 262.05, provides that a court having jurisdiction of subject matter has jurisdiction over parties served pursuant to sec. 262.06. Practical considerations make Marinette county almost a preferred forum since, if the defendant Guth were to return and establish his status as a resident of Marinette county, sec. 261.01 (5), prescribing place of accident or place of residence of defendant insured as the only proper places of trial, might require transfer of the case to such county for trial. It may well be that the legislature, if it elects to act to provide a place of trial for an action against an insurer where the accident did not happen in this state and the defendant is not a resident of this state, will select the county of last known residence of the insured or the county in which the policy was delivered rather than the principal place of business of the insurer. Until or unless the legislature so fixes the proper place of trial, we will hold that, where the accident occurred outside this state and the defendant's present whereabouts are unknown, an action against the insurer for damages under a liability policy may be commenced and tried in the county in which the insurer has its principal place of business or in the county in which the policy was delivered or in the county in which the insured had his last known place of residence. Applied to this

case, such holding would find either Dane county or Marinette county proper places of trial for this action. Since the action was in fact commenced in Dane county, where defendant Rural Mutual has its principal office or headquarters, we find venue proper and jurisdiction established. The trial court order overruling the demurrer of defendant Rural Mutual, it follows, is not to be reversed.

*By the Court.*—Order affirmed.