IN RE the MARRIAGE OF: John J. McCARTHY,
Petitioner-Respondent,

v.

Mary Ann McCARTHY, Appellant.

Court of Appeals

*No. 88–0356. Submitted on briefs June 22, 1988.—Decided
September 14, 1988.*

(Also reported in 431 N.W.2d 706.)

On behalf of the appellant, the cause was submitted on the briefs of *David J. Carlson* and *Pamela S. Gibson* of *Plaushines & Carlson, S.C.* of Waukesha.

■■■■■

■■■■■

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Paul G. Bonneson* of *Tikalsky, Raasch & Tikalsky* of Waukesha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Mary Ann McCarthy appeals an order dismissing her postdivorce motion for an increase in child support from John J. McCarthy. The trial court dismissed the motion for lack of personal jurisdiction over John, an Oklahoma resident. Because John's visitations with his children in Wisconsin constitute "substantial and not isolated activities" within the meaning of sec. 801.05(1)(d), Stats., we reverse the order of dismissal and direct the trial court to consider the merits of Mary Ann's motion.

Initially, Mary Ann contends that because John was served with the motion papers while physically present in Wisconsin, personal jurisdiction exists under sec. 801.05(1)(a), Stats., and no further due process analysis is necessary. The constitutionality of exercising jurisdiction over a person solely on the service of process while the individual is physically present in Wisconsin has been questioned in recent years. *See Oxmans' Erwin Meat Co. v. Blacketer,* 86 Wis. 2d 683, 687–88, 273 N.W.2d 285, 286–87 (1979). However, the *Oxmans'* court did not address the issue because it found an alternative basis for the exercise of personal jurisdiction over the defendant. *Id.* at 688, 273 N.W.2d at 287. We adopt a similar rationale in this case and do not address whether the trial court could exercise personal jurisdiction over John solely because John was personally served with the motion papers while in Wisconsin.

The facts in this case are undisputed. John and Mary Ann were married in 1971 is Wisconsin. The

couple lived in Wisconsin until September 1978, when they moved to Oklahoma. Mary Ann, however, returned to Wisconsin with the couple's two children in January 1979. An Oklahoma court granted a divorce judgment in October 1979. John remains a resident of Oklahoma.

John was personally served with the order to show cause instituting this action on September 19, 1987, while in Wisconsin. In addition to the September trip, John had been in Wisconsin on two other occasions in 1987, visiting the children and other relatives.

Section 801.05(1)(d), Stats., provides that a Wisconsin court may exercise jurisdiction over a nonresident defendant if the defendant "[i]s engaged in substantial and not isolated activities" within Wisconsin. The court's inquiry into the nature of the defendant's activities must be made in light of the requirements of due process. *Nagel v. Crain Cutter Co.,* 50 Wis. 2d 638, 646, 184 N.W.2d 876, 880 (1971). Generally, the court conducts separate inquiries into whether the language of sec. 801.05 is satisfied and whether due process considerations are met. *See Hasley v. Black, Sivalls & Bryson, Inc.,* 70 Wis. 2d 562, 575, 235 N.W.2d 446, 453 (1975). When dealing with sec. 801.05(1)(d), however, the inquiry can be streamlined because facts that satisfy due process will necessarily also satisfy the statutory requirement of "substantial and not isolated activities." *See id.* at 576, 235 N.W.2d at 454. Therefore, we will focus our analysis on due process considerations.

Due process requires that there be a "sufficient connection" between John and Wisconsin so "as to make it fair to require defense of the action" in

Wisconsin. *See Kulko v. Superior Court,* 436 U.S. 84, 91 (1978). He must have "certain minimum contacts" with Wisconsin "such that maintenance of suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)), Whether John's contacts with Wisconsin are sufficient for due process purposes is a question of law and we are not bound by the trial court's conclusion. *Davanis v. Davanis,* 132 Wis. 2d 318, 331, 392 N.W.2d 108, 113 (Ct. App. 1986).

The due process analysis requires examination of five factors: the quantity of contacts with Wisconsin, the nature and quality of the contacts, the source of the cause of action and its connection with those contacts, the interest of Wisconsin in the action, and convenience. *Zerbel v. H.L. Federman & Co.,* 48 Wis. 2d 54, 64–66, 179 N.W.2d 872, 878 (1970), *appeal dismissed,* 402 U.S. 902 (1971). Applying those factors to these facts, we conclude that John has the necessary minimum contacts with Wisconsin.

In 1987, John visited his children in Wisconsin during two holiday periods and during an unanticipated trip to Wisconsin in September. The nature of the contact involves the exercise of visitation. That type of contact impacts upon the parent/child relationship, certainly an important and valued relationship. The cause of action, while not a visitation dispute, does involve the children and, thus, is closely related to John's contacts with Wisconsin. Wisconsin's interest in an adequate level of child support is great. The convenience factor cuts evenly with regard to both Wisconsin and the alternate forum of Oklahoma.

In defense of the trial court's ruling, John relies on both this court's decision in *Davanis* and the Supreme Court's decision in *Kulko*. Both cases are, however, distinguishable because neither case involved the exercise of visitation in the potential forum state. We believe that John's periodic presence in Wisconsin constitutes purposeful acts which render it fair to require the resolution of this child support dispute in Wisconsin. The trial court's order of dismissal is reversed and cause remanded with directions to conduct a factual hearing on Mary Ann's request for an increase in the child support obligation.

*By the Court.*—Order reversed and cause remanded.