MILWAUKEE COUNTY, A Municipal Corporation, as agent for the State of Wisconsin, Department of Health & Social Services, Plaintiff-Appellant,

v.

The HARTFORD CASUALTY COMPANY, a foreign insurance corporation, Defendant-Respondent.†

Court of Appeals

*No. 88-2185. Submitted on briefs February 22, 1989.—Decided June 21, 1989.*

(Also reported in 444 N.W.2d 455.)

† Petition to review denied.

465

For plaintiff-appellant the cause was submitted on the briefs of *Milwaukee County Corporation Counsel,* with *John Jorgensen,* principal assistant corporation counsel, and *Robert G. Ott,* acting corporation counsel, of Milwaukee.

For the defendant-respondent the cause was submitted on the briefs of *deVries, Vlasak & Schallert, S.C.,* with *Joel P. Borowiec* of counsel, of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J. Milwaukee County (County) appeals from an order dismissing its subrogation complaint against the Hartford Casualty Company (Hartford). The claim arose from medical assistance benefits received by James Szczesny under Title XIX.[1]

The facts are undisputed. Szczesny and his wife, Donna Szczesny, who were residents of Texas, filed a lawsuit against St. Mary's of the Plains Hospital (hospital), located in Lubbock, Texas, alleging that the hospital had been negligent in the care and treatment of Szczesny. Hartford had issued a liability insurance policy to the hospital. Subsequently, Szczesny moved to Milwaukee and began receiving Title XIX medical assistance benefits, which were administered by the Milwaukee County Department of Social Services. Under sec. 49.65(1), Stats., the County acted as an agent for the State of Wisconsin and was subrogated for payments

[1]The county's subrogation interest is created by sec. 49.65, Stats., enacted to comport with 42 U.S.C. sec. 1396a(a)(25).

467

made to Szczesny. On June 7, 1988, the lawsuit was settled for $1,500,000. Although the County was not notified of the settlement negotiations, a check for $60,000 was sent to it as full payment of its subrogation interest. *See* sec. 49.65, Stats. On July 18, an assistant corporation counsel for the County wrote the attorney for the hospital to explain that the benefits amounted to $105,373.52. Because the balance of the bill was not paid, the County filed this action against Hartford on August 8.

Hartford moved to dismiss the complaint because it alleged that the circuit court lacked personal jurisdiction over it. The circuit court concluded that since sec. 801.05(10), Stats., did not apply, it had no jurisdiction. We reverse because, as a matter of law, sec. 801.05 vested the court with jurisdiction over Hartford.

■■■

The County raises one issue on appeal: whether sec. 801.05, Stats., vested the trial court with personal jurisdiction over Hartford. Hartford alleges that sec. 801.05(10), Stats., resolves the issue. The application of a statute to a set of undisputed facts presents a question of law which we review independently without deference to the trial court. *Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). The parties do not argue that sec. 801.05 is ambiguous, and we conclude that reasonable persons could not understand the statute differently. *See City of Milwaukee v. Dyson,* 141 Wis. 2d 108, 110, 413 N.W.2d 660, 661 (Ct. App. 1987). Absent ambiguity, we are required to give the language in the statute its ordinary and accepted meaning. *DNR v. Wisconsin Power & Light Co.,* 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982).

■ The trial court dismissed the complaint because it concluded that sec. 801.05(10), Stats., conferred no personal jurisdiction over Hartford. It provides:

(10) Insurance or Insurers. In any action which arises out of a promise made anywhere to the plaintiff or some 3rd party by the defendant to insure upon or against the happening of an event and in addition either:

(a) The person insured was a resident of this state when the event out of which the cause of action is claimed to arise occurred; or

(b) The event out of which the cause of action is claimed to arise occurred within this state, regardless of where the person insured resided.

On appeal, the parties agree that sub. (10) is not applicable. We concur because Szczesny did not reside in Wisconsin when the malpractice occurred, and the malpractice did not happen in Wisconsin. However, the trial court's premise that because sub. (10) did not apply, Hartford was subject to no other provision in sec. 801.05, is erroneous.

■ Hartford argues that under *Garrity v. Rural Mut. Ins. Co.,* 77 Wis. 2d 537, 541-42, 253 N.W.2d 512, 514 (1977), a subrogee's rights are derivative and subject to all the defenses that a liable party might have against the subrogor. It further asserts that because it believed that the subrogor, Szczesny, could not obtain personal jurisdiction over Hartford in Wisconsin, the County, as subrogee, is also unable to do so. We conclude that there is no validity to this argument since common law subrogation principles generally do not apply to subrogation under sec. 49.65, Stats. *See Waukesha County v. Johnson,* 107 Wis. 2d 155, 161-62, 320 N.W.2d 1, 3-4 (Ct.

App. 1982); *see also* sec. 49.65(7), Stats.[2] In any event, the County is not limited by the direct action statute, sec. 803.04(2), Stats., since it is asserting that Hartford is directly liable to it by virtue of its statutory subrogation rights. Hartford also argues that to permit an insurer to be sued in every state where it does business will promote forum shopping on a chaotic scale.[3] Whatever the academic merits of these arguments, we deem them inapposite to this case.

The due process clause of the fourteenth amendment to the United States Constitution requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not

[2]Section 49.65(7), Stats., provides in part:

> Welfare Claims Not Prejudiced by Recipient's Release. (a) No person who has or may have a claim or cause of action in tort or contract and who has received assistance under this chapter as a result of the occurrence that creates the claim or cause of action may release the liable party or the liable party's insurer from liability to the units of government specified in sub. (1). *Any payment to a . . . recipient of assistance under this chapter in consideration of a release from liability is evidence of the payer's liability to the unit of government that granted the assistance.* [Emphasis added.]

[3]Hartford relies upon the statement found in *Bowman v. Rural Mut. Ins. Co.,* 53 Wis. 2d 260, 264, 191 N.W.2d 881, 883 (1971): "It is only where the policy was issued or delivered outside of this state and the accident occurred outside of this state that the right to an action against the insurer is by statute denied." (citations omitted). This statement is irrelevant because the *Bowman* decision was referring only to the operation of the "direct action" statute, sec. 260.11(1) (1973), Stats. [Section 260.11 was repealed by Supreme Court order, 67 Wis. 2d 585, 757, effective January 1, 1976; the "direct action" statute has been renumbered as sec. 803.04(2).] Milwaukee County, by contrast, is not suing under the direct action statute, but rather it has a claim directly against Hartford by virtue of its subrogation rights.

offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). Compliance with sec. 801.05 raises a rebuttable presumption of compliance with due process. *M.C.I., Inc. v. Elbin*, 146 Wis. 2d 239, 243, 430 N.W.2d 366, 368 (Ct. App. 1988). This presumption may be rebutted by the defendant through use of a five-factor test which questions (1) the quantity of contacts with the state; (2) the nature and quality of the contacts; (3) the source of the cause of action; (4) the interest of Wisconsin in the action; and (5) convenience. *Id.* at 244, 430 N.W.2d 368–69. The Wisconsin Supreme Court has held that the long-arm statute should be liberally construed in favor of exercising jurisdiction. *Lincoln v. Seawright*, 104 Wis. 2d 4, 9, 310 N.W.2d 596, 599 (1981).

Chapter 262, Stats. (1957), concerning the commencement of a civil action, was rewritten to include sec. 262.05 [now sec. 801.05, Stats.] in 1959. We review the revision notes of the reporter for the Judicial Council, Professor G.W. Foster, Jr., as a guide to interpreting sec. 801.05, Stats. *See Lincoln*, 104 Wis. 2d at 11, 310 N.W.2d at 599–600; *Fields v. Playboy Club of Lake Geneva, Inc.*, 75 Wis. 2d 644, 651, 250 N.W.2d 311, 315 (1977). Professor Foster noted that "[s]ubs. (1) and (2) retain with little change the grounds for personal jurisdiction recognized under the old law. Subs. (3) through (11) are new and incorporate grounds which *expand the exercise of personal jurisdiction* in cases having substantial contacts with Wisconsin." Wis. Stat. Ann. sec. 801.05 (West 1960), Revision Notes, at 54 (emphasis added) [hereinafter Foster]. In reviewing sec. 801.05(10)(a), concluded that sub. (10)(a) "found broad support in statutes and cases aimed at insurers who,

without complying with requirements of state insurance regulations, sell mail order insurance to residents of the state." *Id.* at 78. Because the insurer's contact with Wisconsin may be isolated, and therefore sec. 801.05(1)(d)[4] would not apply, sec. 801.05(10) was enacted to protect the insured. *See id.* Also, sub. (b) vests the trial court with jurisdiction, although the insurer's contacts with Wisconsin may be isolated, when the insurer promises to insure the insured and the insured has contacts with Wisconsin as a result of an injury occurring here. *See id.* at 78–80. Therefore, sec. 801.05(10), Stats., expands on the jurisdiction already created by subs. (1) and (2).

Since we conclude that sec. 801.05(10), Stats., is not the exclusive means to vest a trial court with personal jurisdiction over an insurance company, we must examine the rest of sec. 801.05 to determine if personal jurisdiction exists. The County argues that both subs. (1) and (4)[5] of sec. 801.05, Stats., vested the trial court

---

[4]Section 801.05(1)(d), Stats., provides:

**801.05 Personal jurisdiction, grounds for generally.** A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any type of the following circumstances:

(1) **Local Presence or Status.** In any action whether arising within or without this state, against a defendant who when the action is commenced:

. . .

(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

[5]Section 801.05(4), Stats., provides:

(4) **Local Injury; Foreign Act.** In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

with personal jurisdiction. Under sub. (4), three jurisdictional facts are required: "[1] an act or omission outside the state by the defendant or his agent; [2] an injury to person or property within the state which is claimed to arise out of the foreign act or omission; and [3] some additional contact, not necessarily related to the injury sued on, which links the defendant to the state." *Foster,* at 62. We conclude that sub. (4) is applicable. Hartford's failure to properly settle the County's subrogation interest constituted the foreign act. The injury was "local" in that the County was unable to recover its total subrogation interest. Finally, "[s]olicitation or services were carried on within this state by or on behalf of" Hartford. Hartford is authorized to do business in Wisconsin and has designated the commissioner of insurance to receive process for it in "any proceeding arising from or related to any transaction having any connection with this state." Sec. 601.72(1)(a), Stats. Also, it has a business office in Wisconsin. Although we conclude that the factors of sub. (4) have been met, we must conduct a separate inquiry into whether due process requirements have been met. *McCarthy v. McCarthy,* 146 Wis. 2d 510, 513, 431 N.W.2d 706, 707 (Ct. App. 1988).

We apply the five due process factors set forth in *M.C.I.* to determine whether the trial court has personal jurisdiction over Hartford. The County's complaint establishes the quality and quantity of the contact. The County, as agent of the state to collect Title XIX disbursements, gave Hartford notice of its subrogation

---

(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

claim before Hartford settled with and paid the subrogor, Szczesny. Hartford sent to the County what it believed was the County's share of the recovery, thereby intending to discharge its obligation. Wisconsin and its agent for collection, the County, had a monetary interest.[6] *See* sec. 49.65, Stats. As to inconvenience, the controversy between Hartford and the County is limited to the balance due for subrogation payments. Apparently Hartford concedes the validity of the subrogation claim.[7] Also, Hartford is authorized to do business in Wisconsin. The exercise of jurisdiction by a Wisconsin court over Hartford in this simple accounting matter, under these circumstances, imposes no undue burden upon it.

We also conclude that sub. (1)(d) of sec. 801.05 vested the trial court with personal jurisdiction over Hartford. Hartford engaged in "substantial and not isolated activities within this state . . .." Sec. 801.05(1)(d), Stats. Hartford is licensed to sell insurance in Wisconsin and maintains a Wisconsin business office. Although this court generally conducts a separate inquiry into whether due process considerations have been met, "[w]hen dealing with sec. 801.05(1)(d), however, the inquiry can be streamlined because facts that satisfy due process will necessarily also satisfy the statutory requirement of 'substantial and not isolated activities.' " *McCarthy*, 146 Wis. 2d at 513, 431 N.W.2d at 707.

---

[6] "A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing inquiries inflicted by out-of-state actors." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985).

[7] In its statement of uncontroverted facts, Hartford informed the trial court that when it paid the $60,000, Hartford believed this was approximately the total amount of the County's claim.

Applying the due process factors and subs. (1) and (4) of sec. 801.05, Stats., we conclude that Hartford had the necessary minimum contacts with Wisconsin, that it did not rebut the presumption of due process compliance, and that the circuit court had personal jurisdiction over it.

*By the Court.*—Order reversed and cause remanded for proceedings not inconsistent with this opinion.