REGAL WARE, INC., a Delaware Corporation, Plaintiff-Appellant,

v.

TSCO CORPORATION, a Delaware Corporation, Defendant-Respondent. †

Court of Appeals

*No. 95–3336. Submitted on briefs September 3, 1996.—Decided December 18, 1996.*

(Also reported in 558 N.W.2d 679.)

538

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Stephen H. Bauer* of West Bend, and co-counsel *Steven H. Hoeft and Lazar P. Raynal* of *McDermott, Will & Emery* of Chicago.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Daniel L. Sargeant and James K. Muehlbauer* of *Schloemer, Alderson, Spella & Muehlbauer, S.C.* of West Bend.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J. Regal Ware, Inc., appeals from a dismissal of its request for declaratory judgment against TSCO Corporation. The underlying complaint related to Regal Ware's termination of a long-standing agreement with TSCO, whereby TSCO brokered Regal Ware cookware to Japanese distributors on a commission basis. The circuit court dismissed the action, concluding that it was unable to exercise personal jurisdiction over TSCO. Regal Ware claims that the circuit court erred in this finding, and further claims that the court should have applied § 801.63, STATS., to determine whether the Wisconsin action should proceed or be stayed because of the pendency of a proceeding in another state. We reverse the trial court's determination that it could not exercise personal jurisdiction over TSCO and remand for consideration of the factors outlined in § 801.63(3) in determining whether to proceed with the action or grant a stay.

Regal Ware manufactures and distributes cookware from Wisconsin. TSCO had a long-standing

agreement with Regal Ware to broker its cookware in Japan. In November 1994, Regal Ware notified TSCO that it was terminating this agreement as of December 31, 1994. On December 20, 1994, TSCO filed an action in Pennsylvania state court which named Regal Ware and two other defendants.

In May 1995, Regal Ware filed a complaint in Wisconsin, seeking a declaratory judgment that it was entitled to terminate its contract with TSCO and cease paying commissions. TSCO moved for dismissal of the action, arguing that the court lacked jurisdiction over TSCO or, in the alternative, that a stay of proceedings should be granted because of the pendency of the Pennsylvania action. The trial court granted TSCO's request for dismissal, concluding that it could not exercise jurisdiction over TSCO, and this appeal followed.

Regal Ware first claims that the circuit court erred when it found that it could not exercise personal jurisdiction over TSCO in this action. The existence of personal jurisdiction is a question of law which this court reviews de novo. *Brown v. LaChance,* 165 Wis. 2d 52, 65, 477 N.W.2d 296, 302 (Ct. App. 1991). The burden of proof is on Regal Ware to establish personal jurisdiction. *See Lincoln v. Seawright,* 104 Wis. 2d 4, 9, 310 N.W.2d 596, 599 (1981).

Whether Wisconsin courts have jurisdiction over a nonresident defendant is a two-fold inquiry. *Landreman v. Martin,* 191 Wis. 2d 787, 798, 530 N.W.2d 62, 66 (Ct. App. 1995). First, the nonresident's contacts with the state must be determined pursuant to Wisconsin's long-arm statute, § 801.05, STATS. *Landreman,* 191 Wis. 2d at 798, 530 N.W.2d at 66. Second, if the long-arm statute extends to the

defendant, we must determine whether the exercise of jurisdiction comports with due process requirements. *Id.* While Wisconsin's long-arm statute should be liberally construed in favor of exercising jurisdiction, due process requires that the defendant have certain minimum contacts with the state such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *See Milwaukee County v. Hartford Casualty Co.,* 151 Wis. 2d 463, 470 71, 444 N.W.2d 455, 458 (Ct. App. 1989) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

We first examine TSCO's contacts with the state. Regal Ware contends that § 801.05(5), STATS., Wisconsin's long-arm statute, provides a basis to confer personal jurisdiction over TSCO in this action.[1] The pertinent language provides for personal jurisdiction in any action which:

> (b) Arises out of services actually performed for the plaintiff by the defendant within this state, or *services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant;* . . . .

Section 801.05(5)(b) (emphasis added). Regal Ware argues that personal jurisdiction can be established over TSCO because Regal Ware performed services for

---

[1] In the complaint, Regal Ware argued that personal jurisdiction over TSCO could be maintained pursuant to § 801.05(1)(d), STATS., which allows for personal jurisdiction in any action against a defendant who "[i]s engaged in substantial and not isolated activities within this state . . . ." However, Regal Ware does not argue this basis for establishing personal jurisdiction over TSCO on appeal.

TSCO in Wisconsin. Regal Ware describes its activities for TSCO within the state as: manufacturing and shipping of cookware; approving sales orders submitted by TSCO to Regal Ware; and sending TSCO commission checks drawn on a Wisconsin bank. Regal Ware then submits that "much of [its] performance under its agreement with TSCO occurred in Wisconsin and that in-state performance entitled the trial court to exercise jurisdiction over TSCO."

Section 801.05(5)(b), STATS., plainly encompasses the types of activities in which Regal Ware and TSCO engaged. The statute requires only that services be performed for the defendant by the plaintiff within the state and that such performance is "authorized or ratified" by the defendant. *See id.* There is no dispute that Regal Ware's manufacturing operation is conducted in Wisconsin. The benefits which TSCO received from its contractual relationship with Regal Ware arose out of Regal Ware's manufacture and shipping of cookware.

The long-standing nature of the contract further assures us of the second requirement—that this performance "was authorized or ratified by [TSCO]." *See id.* There is no dispute that TSCO knew that the cookware it brokered was manufactured in and shipped from Wisconsin. We are satisfied that TSCO's business activities with Regal Ware meet the requirements of § 801.05(5)(b), STATS., and thereby affirmatively establish the requisite "minimum contacts." The long-arm statute was intended to cover this type of arrangement. *See Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1217 (7th Cir. 1990).

The second prong of our inquiry must address whether the exercise of personal jurisdiction in this case is consistent with the constitutional guarantee of due process. In order to comport with due process, a defendant must have "purposefully availed himself [or herself] of the privilege of conducting activity within the forum state, thus invoking the benefits and the protections of its laws." *Id.* Jurisdiction is proper when the contacts result from actions by the defendant corporation which create a substantial connection to the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). The fact that a defendant has never physically entered the forum state may not be enough to avoid jurisdiction. *See id.* at 476.

Furthermore, if a contract exists between the two parties, a court must consider the impact of the contract on the question of whether a party has "purposefully established minimum contacts within the forum." *See id.* at 479. All prior negotiations and contemplated future consequences of the contract, as well as any relevant terms of the contract and the course of dealing between the parties, must be examined. *Id.* at 478-79. Furthermore, only if the nature of the relationship between the nonresident to the company in the forum state is "fortuitous" or "attenuated" will a contractual relationship between the parties fail to satisfy this inquiry. *See id.* at 480; *see also Hanson v. Denckla,* 357 U.S. 235, 253 (1958) (discussing the "purposeful availment" requirement).

■

The series of agreements underlying the dispute between Regal Ware and TSCO go back to 1986.[2] Based on those agreements, Regal Ware manufactured cookware in Wisconsin and shipped it in response to orders it received from TSCO. TSCO was paid commission checks drawn on a Wisconsin bank. TSCO has had a long-term contractual agreement with Regal Ware; TSCO has "avail[ed] itself of the privilege of conducting activities within [Wisconsin], thus invoking the benefits and protections of its laws." *See Hanson,* 357 U.S. at 253. TSCO's agreements created "continuing obligations" between itself and Regal Ware such that it is not unreasonable to require it to submit to the burden of litigation here. *See Burger King,* 471 U.S. at 476 (quoted source omitted). We conclude that TSCO is subject to the reach of Wisconsin's long-arm statute and the exercise of personal jurisdiction over TSCO does not offend due process.

As a second issue, Regal Ware claims that the trial court erred when it dismissed this action. After concluding that it could not exercise personal jurisdiction over TSCO, the trial court dismissed Regal Ware's complaint, citing to § 802.06(2)(a)10, STATS.[3]

---

[2] Prior to 1986, TSCO had a similar agreement with a Canadian company known as "Coronet Housewares, Inc." When Coronet was purchased by Regal Ware, a subsequent agreement was made between TSCO and Regal Ware.

[3] Section 802.06(2)(a)10, STATS., allows for dismissal of an action when another action is pending in another court within the state. *See Wood v. Lake,* 13 Wis. 94, [*84], 101-02, [*91] (1860). This section recognizes a well-settled principle of the common law that the pendency of a prior action, predicated on the same cause of action and between the same parties, constitutes good grounds for abatement of a later action *within*

However, the statutory section which is applicable to the issue presented is § 801.63, STATS., "Stay of proceeding to permit trial in a foreign forum." This section provides in relevant part:

> **(3)** SCOPE OF TRIAL COURT DISCRETION ON MOTION TO STAY PROCEEDINGS. The decision on any timely motion to stay proceedings pursuant to sub. (1) is within the discretion of the court in which the action is pending. In the exercise of that discretion the court may appropriately consider such factors as:
> (a) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;
> (b) Convenience to the parties and witnesses of trial in this state and in any alternative forum;
> (c) Differences in conflict of law rules applicable in this state and in any alternative forum; or
> (d) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial.

Because the trial court concluded that it could not exercise personal jurisdiction over TSCO, it did not consider the applicability of § 801.63, STATS. Based on our conclusion that TSCO is amenable to personal jurisdiction in this state, we remand to the trial court for consideration of the factors enumerated in § 801.63 and a determination of whether Regal Ware's action for

*the same jurisdiction.* 1 C.J.S. *Abatement* § 16 (1985); *see also* 3 JAY E. GRENIG & WALTER L. HARVEY, CIVIL PROCEDURE § 206.15 (2d ed. 1994 & Supp. 1996); Wisconsin Judicial Benchbooks, Vol. II: Civil, CV 5-8 (1994).

declaratory judgment should proceed or be stayed pending the outcome of the Pennsylvania suit.[4]

*By the Court.*—Order reversed and cause remanded with directions.

---

[4] While Regal Ware argues in its reply brief that the issue of the stay should also be decided by this court as it is a "purely legal issue," we disagree. The decision to proceed or stay the action is discretionary with the trial court, and we therefore remand for the trial court to make its determination. *See* § 801.63(3), STATS. (entitled "SCOPE OF TRIAL COURT DISCRETION ON MOTION TO STAY PROCEEDINGS").