COURT OF APPEALS
DECISION
DATED AND FILED

May 29, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP770**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV386

IN COURT OF APPEALS
DISTRICT IV

TRICOR TRANSIT, INC.,

    PLAINTIFF-APPELLANT,

  V.

J GLOBAL LOGISTICS, LLC,

    DEFENDANT,

SOUTHLAKE SPECIALTY INSURANCE COMPANY CO.,

    DEFENDANT-RESPONDENT.

APPEAL from orders of the circuit court for Dane County: EVERETT D. MITCHELL, Judge. *Affirmed*.

Before Graham, P.J., Kloppenburg, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Tricor Transit, Inc. appeals circuit court orders that granted Southlake Specialty Insurance Company's motion for summary judgment, dismissed Tricor's direct action claim for indemnification against Southlake, and denied Tricor's motions for reconsideration or, in the alternative, relief from judgment.  Southlake argues that we should affirm the court's orders on the ground that Tricor cannot maintain a direct action against Southlake under the undisputed facts of this case.  We agree with Southlake, and, accordingly, we affirm.

## BACKGROUND

¶2      The following facts are undisputed for the purposes of summary judgment.

¶3      Aring Equipment Company, Inc. engaged a broker, CET Truck Logistics, LLC, to arrange for the transportation of an approximately 80,000-pound Masaba Wash Plant (the wash plant) owned by Aring.  CET, in turn, entered into a Broker-Carrier Agreement with J Global Logistics, LLC in September 2022, whereby J Global agreed to transport the wash plant from Texas to Illinois.  J Global received the wash plant in Texas in good condition, "but when J Global delivered the [w]ash [p]lant at the destination [in Illinois], there were significant damages to the machine, necessitating repair costs and other expenses."  Aring assigned its claims against J Global to Tricor.

¶4      At all relevant times, J Global was the named insured under an automobile liability insurance policy and a motor truck cargo insurance policy

issued by Southlake. J Global's principal place of business is in Texas. Southlake's principal place of business is also in Texas.

¶5 In February 2023, Tricor filed a summons and complaint against J Global and Southlake. The complaint alleged a breach of contract claim and a claim under the Carmack Amendment, 49 U.S.C. § 14706, against J Global. The complaint also alleged a direct action claim against Southlake, which sought indemnification for Tricor's damages under the policy that Southlake issued to J Global. J Global did not file an answer by the statutory deadline, and the circuit court granted default judgment against it in favor of Tricor.

¶6 In July 2023, Southlake filed a motion for judgment on the pleadings, arguing that it is entitled to dismissal of the indemnification claim because Tricor cannot bring a direct action against it under WIS. STAT. §§ 632.24 and 803.04(2) (2023-24).[1] Specifically, Southlake argued that, because the relevant insurance policies were not issued or delivered in Wisconsin, the Wisconsin direct action statutes allow Tricor to bring a direct action against Southlake only if the accident or injury occurred in Wisconsin, which did not happen in this case. At a hearing on the motion in December 2023, the circuit court orally denied Southlake's motion, explaining that Tricor had "shown at least some inferences that [it] might have the capacity to recover." The court entered a written order consistent with its oral ruling.

¶7 In May 2024, Southlake filed a motion for summary judgment, requesting that the circuit court dismiss Tricor's claim against Southlake on

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

grounds other than those argued in the motion for judgment on the pleadings. Tricor filed a brief opposing the motion, argued that the court should grant summary judgment in favor of Tricor, and moved the court to order Southlake to pay Tricor's attorney fees.[2] In January 2025, the court granted Southlake's motion for summary judgment and dismissed Tricor's claim against Southlake. The court also denied Tricor's motion for attorney fees.

¶8 In March 2025, Tricor filed motions for reconsideration and for relief from judgment pursuant to WIS. STAT. § 806.07(1)(a) and (h). After briefing by the parties, the circuit court denied the motions because Tricor "fails to show any error in the summary judgment order." Tricor appeals.

## DISCUSSION

¶9 Tricor argues that the circuit court erred by granting Southlake's motion for summary judgment and dismissing Tricor's claim against Southlake. In response, Southlake argues that Tricor cannot maintain a direct action against Southlake because the summary judgment record establishes as undisputed that the insurance policies were not issued or delivered in Wisconsin and that the accident or injury that damaged the wash plant did not occur in Wisconsin. Accordingly, Southlake argues, the court properly dismissed Tricor's claim against it.

---

[2] Southlake made arguments in the circuit court in support of its summary judgment motion other than the direct action argument that was rejected by the court in denying Southlake's motion for judgment on the pleadings, and the parties address some of those other arguments on appeal. Because our resolution of the direct action issue is dispositive, we do not address the parties' other arguments. *See League of Women Voters of Wis. Educ. Network, Inc. v. Walker*, 2013 WI App 77, ¶93 n.13, 348 Wis. 2d 714, 834 N.W.2d 393 ("[A]ppellate courts need not address non-dispositive issues.").

¶10   This court reviews a circuit court's grant of summary judgment de novo, applying the same methodology as the circuit court. ***Carlin Lake Ass'n v. Carlin Club Props., LLC***, 2019 WI App 24, ¶19, 387 Wis. 2d 640, 929 N.W.2d 228. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). "[W]e may affirm on grounds different than those relied on by the [circuit] court." ***Vanstone v. Town of Delafield***, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995).

¶11   Our analysis turns on the interpretation and application of Wisconsin's direct action statutes, WIS. STAT. §§ 632.24 and 803.04(2), which are questions of law that this court decides de novo. *See* ***Meyers v. Bayer AG***, 2007 WI 99, ¶22, 303 Wis. 2d 295, 735 N.W.2d 448. When interpreting a statute, this court focuses on the words used in the statute. *See* ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶¶44-45, 271 Wis. 2d 633, 681 N.W.2d 110 ("Judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute. We assume that the legislature's intent is expressed in the statutory language."). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." ***Id.***, ¶45. In addition, statutory language must be interpreted "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." ***Id.***, ¶46.

¶12   To maintain a direct action against an insurer for the negligence of its insured, a plaintiff must meet the requirements of both WIS. STAT. § 632.24 and

WIS. STAT. § 803.04(2)(a). ***Decade's Monthly Income and Appreciation Fund v. Whyte & Hirschboeck, S.C.***, 173 Wis. 2d 665, 678, 495 N.W.2d 335 (1993).

¶13     WISCONSIN STAT. § 632.24 subjects an insurance company to direct liability in Wisconsin for the negligence of its insured under certain circumstances. *See **Estate of Otto v. Physicians Ins. Co. of Wis.***, 2008 WI 78, ¶32, 311 Wis. 2d 84, 751 N.W.2d 805.  As this court has explained, § 632.24 "confers standing to sue on a 'policy of insurance covering liability to others for negligence' to any 'persons entitled to recover against the insured … for injury to persons [or property,] irrespective of whether the liability is presently established or is contingent.'"  ***Dhein v. Frankenmuth Mut. Ins. Co.***, 2020 WI App 62, ¶35, 94 Wis. 2d 470, 950 N.W.2d 861 (quoting § 632.24).

¶14     WISCONSIN STAT. § 803.04(2) limits the application of WIS. STAT. § 632.24.  ***Casper v. American Int'l S. Ins. Co.***, 2011 WI 81, ¶80 n.7, 336 Wis. 2d 267, 800 N.W.2d 880.  It provides, in pertinent part:

> In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff … is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured.  If the policy of insurance was issued or delivered outside this state, the insurer is by this paragraph made a proper party defendant *only if the accident, injury or negligence occurred in this state*.

§ 803.04(2)(a) (emphasis added).

¶15     Read together, the direct action statutes establish that a plaintiff may bring a direct action against an insurer to recover for the negligence of its insured if the plaintiff establishes either of the following: (1) the insurance policy was issued or delivered in Wisconsin; or (2) the policy was issued or delivered outside

of Wisconsin, and "the accident, injury or negligence occurred in" Wisconsin. *See* WIS. STAT. § 803.04(2)(a); *Casper*, 336 Wis. 2d 267, ¶¶72, 80.

¶16 Tricor does not appear to dispute that the policies at issue were not issued or delivered in Wisconsin.[3] Accordingly, in order to maintain a direct action against Southlake, Tricor must show that the "accident, injury or negligence" occurred in Wisconsin. *See* WIS. STAT. § 803.04(2)(a); *Casper*, 336 Wis. 2d 267, ¶80 (accident or injury must occur in this state).

¶17 We first address the statute's reference to "accident" or "negligence." *See* WIS. STAT. § 803.04(2)(a). Tricor does not argue that these terms as used in this statute are understood other than by their common, everyday meanings, as the event resulting from, or the conduct consisting of, negligence. *See Accident*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary /accident (last visited May 21, 2026) ("an unfortunate event resulting especially from carelessness or ignorance"; "an unexpected happening causing loss or injury … for which legal relief may be sought"); *Negligence*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/negligence (last visited May 21, 2026) ("an act or instance of being negligent"). It is undisputed that J Global received the wash plant in Texas in good condition and that the wash plant had damage to its right side by the time it was delivered in Illinois. Tricor does not point to any evidence in the summary judgment record showing that J Global

---

[3] Relevant to this issue, the summary judgment record shows that both Southlake and J Global have their principal places of business in Texas, and the insurance policy documents contain numerous references to the Texas insurance statutes and the Texas Department of Insurance. In addition, Southlake has a mailing address in California, and J Global's mailing address is the same as its principal place of business in Texas. There are no references in any of the insurance policy documents to Wisconsin.

transported the wash plant through Wisconsin on the way from Texas to Illinois, nor does Tricor point to evidence that creates a genuine dispute of fact on that issue. Accordingly, we conclude that it is undisputed that neither the event nor the conduct that caused the damage occurred in Wisconsin and, therefore, that neither the "accident" nor the "negligence" that caused the damage occurred in Wisconsin.

¶18 We now turn to whether "injury" to Tricor, as that term is used in WIS. STAT. § 803.04(2)(a), occurred in Wisconsin. Tricor argues that injury to Tricor did occur in Wisconsin because Tricor is a corporation located in Wisconsin and suffered financial damages as a result of an accident or negligence that occurred outside of Wisconsin. We reject Tricor's argument as follows.

¶19 To repeat, WIS. STAT. § 803.04(2)(a) provides, in pertinent part:

> In any action for damages caused by negligence, any insurer … is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. If the policy of insurance was issued or delivered outside this state, the insurer is by this paragraph made a proper party defendant only if the accident, injury or negligence occurred in this state.

"Injury" is not defined in the relevant statutes, nor has case law illuminated its meaning in this context. We note that a representative dictionary definition of "injury" is "hurt [or] damage"; "an act that damages or hurts." *See Injury*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/injury (last visited May 21, 2026). Mindful of this definition, and looking at the term as it is used in this statute, in context and "not in isolation but as part of a whole," *see Kalal*, 271 Wis. 2d 633, ¶46, it is evident that the "injury" referred to means the hurt or damage that occurs to a person or property in a physical location, not the financial damages arising from the injury incurred by virtue of the plaintiff's state

of residence. That is, the undisputed damage that occurred *to the wash plant* during its transport from Texas to Illinois is the injury, and is distinct from the financial damages *incurred by Tricor* as a result of that injury.

¶20 The legislature has conveyed its intent that, for the direct action statute to apply, the injury causing the financial damages sought to be recovered must have taken place in Wisconsin. It conveyed this intent by including in the statute the physical location limitation as to that injury on the availability of an action to recover those damages directly from an insurer. Interpreting the requirement that the "injury … occur[] in this state," WIS. STAT. § 803.04(2)(a), to mean only that the plaintiff must have suffered some financial damages as a result of an event or conduct occurring anywhere, as long as the plaintiff is located in Wisconsin, would nullify the limitation on the recovery of "damages" inserted by the legislature that the "accident, injury or negligence" take place in Wisconsin. *See* § 803.04(2)(a). Tricor's interpretation would require that we disregard the limiting language used in the statute, which we cannot do. *See **Belding v. Demoulin***, 2014 WI 8, ¶17, 352 Wis. 2d 359, 843 N.W.2d 373 ("Statutory interpretations that render provisions meaningless should be avoided."); ***State v. Popenhagen***, 2008 WI 55, ¶35, 309 Wis. 2d 601, 749 N.W.2d 611 ("Statutes are interpreted to give effect to each word [and] to avoid surplusage….").

¶21 Moreover, the statutory subsection already uses the term "damages" in a manner that is distinct from its use of the term "injury," indicating that the two terms are referring to distinct things—that the "damages" sought to be recovered in an action, referred to in the first part of the subsection, are distinct from the "injury" that must occur in the state, referred to in the last part of the subsection. *See* WIS. STAT. § 803.04(2)(a). "[W]hen a statute uses similar but different words, we may presume that those words have different meanings. Consequently, we

may presume that 'a material variation in terms suggests a variation in meaning.'" ***Rise, Inc. v. WEC***, 2024 WI App 48, ¶34, 413 Wis. 2d 366, 11 N.W.3d 241 (citation and quoted source omitted); *see also* ***Pawlowski v. American Fam. Mut. Ins. Co.***, 2009 WI 105, ¶22, 322 Wis. 2d 21, 777 N.W.2d 67 ("When the legislature chooses to use two different words, we generally consider each separately and presume that different words have different meanings."). If the legislature intended for insurers to be subject to direct action in Wisconsin any time a Wisconsin corporation or a Wisconsin citizen incurred damages by virtue of its location in Wisconsin, the legislature could have used the term "damages" in the sentence describing what must occur in Wisconsin. Because the legislature used the term "injury," we presume that it meant something different from "damages"—that "injury" means the hurt or damage that occurred in a physical location, and that "action for damages" means the lawsuit that has been filed to recover financial compensation as a result of that injury.

¶22 Tricor does not make a developed argument to the contrary. Tricor asserts that "the physical accident need not happen within the bounds of the State of Wisconsin[;] … *injury* in Wisconsin is sufficient." But, apart from the argument that injury means financial damages that we have rejected, Tricor does not explain this assertion with a developed legal analysis or support with citations to the record how the injury here occurred in Wisconsin.

¶23 Tricor also argues that "[t]he Wisconsin long-arm statute confers jurisdiction over J Global and Southlake." This argument misses the mark for the simple reason that personal jurisdiction is a requirement distinct from Wisconsin's direct action statutes. *See* ***Milwaukee County v. Hartford Cas. Co.***, 151 Wis. 2d 463, 470 n.3, 444 N.W.2d 455 (Ct. App. 1989) (court rejected the respondent's argument because it relied on direct action case law rather than on personal

jurisdiction, which was raised by the petitioner). Tricor cites no legal authority to support its assertion that the fact that an insurer has sufficient contact with this state to allow personal jurisdiction prevents the insurer from enforcing the limitations of the direct action statutes.

## CONCLUSION

¶24 For the reasons explained above, we conclude that Tricor cannot maintain a direct action against Southlake and, accordingly, the circuit court properly dismissed Tricor's claim against Southlake.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.